# WITT *v.* STATE.

(Division B. Feb. 9, 1931. Suggestion of Error Overruled Feb. 23, 1931.)

[132 So. 338. No. 29258.]

J. W. P. Boggan, of Tupelo, for appellant.

480

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

Argued orally by **J. W. P. Boggan,** for appellant, and by **Eugene B. Ethridge,** for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was convicted of having liquor in his possession, was fined two hundred fifty dollars, and sentenced to thirty days in jail, from which conviction he appeals here.

There are two assignments of error, one that the evidence is insufficient to sustain the conviction, and the other that the court erred in permitting a witness for the defendant, Mrs. Ruth Witt, to be contradicted or impeached by statements made out of court contrary to her testimony, which statements were immaterial to the issue, and were hearsay.

The state's witness Jeff Pritchard testified directly and positively that the appellant was in the possession of liquor in his presence and in the presence of others. There is nothing in his evidence contradictory within itself. He told a straightforward story, consistent in all of its parts when considered by his testimony alone.

The only other evidence as to the possession of the liquor was the testimony of the sheriff that he found liquor on the premises of another person named Jim Witt of like kind and quantity of that testified to by Pritchard, who testified that the appellant had possession of liquor and delivered it to, or left it on, Jim Witt's place.

Pritchard was contradicted by Mrs. Ruth Witt, who was formerly his wife, and by others, and, in addition, two witnesses testified that they would not believe Pritchard on oath; that his reputation for truth and veracity was bad in the community in which he lived.

The jury are the triers of facts, and are the sole judges of the weight and worth of evidence, and of the veracity and credibility of witnesses, and unless we can see clearly from the record reasonable evidence that the jury were influenced by improper motives or surroundings, we will

not substitute our judgment for theirs in passing upon such questions. The jury come from the county and generally have some knowledge of the standing and credibility of the people in the county, and whether they are worthy of belief or not. When the testimony of a witness is consistent within itself, and is sufficient to sustain a conviction, if standing alone, the mere contradiction by other witnesses as to facts, or the mere opinion of witnesses as to credibility and veracity, do not deprive the jury of the right to decide who told the truth in the matter. It is well known that some people are rated high as truthful and honest citizens, when they speak from knowledge, as against many unreliable or untruthful witnesses, or witnesses whose reputations are not so good.

After examining this record, we think it was the function of the jury to decide whether Pritchard was telling the truth or not.

As to the other assignment of error: Mrs. Ruth Witt testified that she did not see the appellant with the whisky at the time testified to by her former husband, who testified that she was one of the persons present at the time he saw the appellant in possession of the liquor. She was asked and answered on examination the following:

"Q. You remember when the sheriff came a few days after that and found that liquor, don't you? A. Yes.

"Q. And you remember telling Mr. Patterson that Hiram Witt brought it there? A. No, I don't recollect telling Patterson that.

"Q. Didn't you tell Mr. Patterson instead of jumping on Jim and all them why not get the man that brought it there, Hiram Witt. Do you remember that? A. If I did, I don't remember it.

"Q. Is your memory pretty fair, or not? A. Yes, it does pretty well."

The sheriff was introduced to contradict her and, being examined, testified as follows:

"Q. Mr. Patterson, you testified a while ago about going to Jim Witt's sometime in July or August, 1929, about the liquor you found there. Did you hear Mrs. Ruth Pritchard make any statements about this liquor? A. Yes.

"Q. Tell the jury what she said. (Objections overruled, exceptions.) Tell the jury what Mrs. Ruth Pritchard, she was then, said about this liquor. A. She met me one day on the streets, I believe I had been there twice and got some liquor, she said, 'Why in the world don't you get the man that brings it out there instead of bothering Mr. Witt about having it there.' I said I would be glad to do that and asked her who it is, and she said it was Hiram Witt and said, 'If you will go get Jeff he will tell where some is now and help you get it.' And I did that."

It is insisted that this contradiction was improper because it was hearsay and was not a material issue in the cause. If Mrs. Ruth Witt had been a friendly witness to the state, and had testified that on the occasion in question Hiram Witt brought the liquor there, it would certainly have been competent evidence. It is true that her statement to the sheriff out of the hearing of the defendant would have been hearsay and not binding upon the defendant. It was not, however, offered for the purpose of primary evidence, or evidence on the main issue, was offered solely to impeach the truth and veracity of the witness.

If the statement made to the sheriff was a fact, however, and the witness had so admitted on cross-examination, then it would have been considered evidence of guilt. The rule is that a witness may be impeached by showing statements outside the court inconsistent with statements made on the witness stand, if the statements made outside the court would be material and could be proven as part of the cause on the trial of the issue in-

volved, if the witnesses were willing to testify on the witness stand to the statements made out of court as facts.

This case is distinguished from the case of Williams v. State, 73 Miss. 820, 19 So. 826, for, in that case, the statements about which the witness was cross-examined as contradictory could not have been proven had the witness been a willing one for the adverse party.

The case at bar is not one of that kind, and is not a case where, at all events, the evidence would have been hearsay. If Mrs. Witt had testified on the witness stand, on cross-examination, admitting the conversation alleged to have been had by her with the sheriff, and that it was true, then it would not have been hearsay, and would have been competent.

The judgment must therefore be affirmed.

Affirmed.