323 So.2d 743 (1975)
Wilfred Dewitt VICKERS
v.
STATE of Mississippi.
No. 48715.
Supreme Court of Mississippi.
December 8, 1975.
Rehearing Denied January 13, 1976.
Kenneth W. Martin, Pascagoula, for appellant.
*744 A.F. Summer, Atty. Gen., by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
PATTERSON, Justice:
Dewitt Vickers was indicted and tried in the Circuit Court of Jackson County for armed robbery. He was found guilty by a verdict of the jury and sentenced to twenty years in the state penitentiary. From this conviction and sentence he appeals and contends for reversal that he was prejudiced by comments of the trial judge, he was not identified as a participant in the crime and the verdict was contrary to the overwhelming weight of the evidence. We affirm.
On April 19, 1974, Eckerd's Drug Store in Pascagoula was robbed at gun-point by three men. Although the thieves wore stocking masks, two of them were indentified by two of Eckerd's employees who were working at the front counter near the entrance of the store when it was robbed. Vickers, the appellant, was identified only by one employee of Eckerd's, the pharmacist who was positioned in the rear of the store, but who came in close proximity to Vickers inasmuch as he handed the "loot" to him. The pharmacist's identification was to an extent contradicted by his prior statements to the police, but it was corroborated by the testimony of a codefendant who gave evidence that Vickers participated in the robbery. However, there was a previous written statement of the codefendant in which he had denied Vickers was a participant in the crime. The testimony of the codefendant is suspect since he admitted on the stand that he was a liar. The testimony of the pharmacist as to identification was positive, reasonable and the contradictions in it were plausibly explained. It was sufficient to identify the appellant.
The conflicts in the evidence, its strengths or weaknesses were all brought before the jury by the attorneys' examination and from it the jury found the appellant guilty. The jury is the sole judge of the weight and worth of the testimony and it has the duty to determine the evidence it will accept as true and that which it should reject as untrue. Wilson v. State, 234 So.2d 303 (Miss. 1970); Alexander v. State, 251 Miss. 847, 171 So.2d 517 (1965). We are of the opinion there was sufficient evidence introduced by the state for the case to be submitted to the jury and its verdict was not contrary to the overwhelming weight of the evidence.
The appellant next contends that he was prejudiced by the comments of the trial judge before the jury, stemming from a colloquy between the judge and the defense attorney. The comments of the judge were directed to a bond of a codefendant which had been reduced from its original sum to a lesser amount. From this the appellant argues that credence was lent to the testimony of the codefendant. Undoubtedly, jurors give much weight to the words of a trial judge and obviously, we think, his comments, demeanor or expressions could affect a jury. However, an overall review of the many comments of the trial judge does not reflect any remark likely to prejudice the jury against the defendant. Moreover, no objection was made at the time of the remarks and the judge was not requested to retract or alter the statements nor did the appellant move for a mistrial. Sullivan v. State, 213 Miss. 14, 56 So.2d 93 (1952). We are not persuaded from the circumstances before us that the comments of the judge were of prejudice to the appellant. We therefore reject this assignment of error.
Finally, complaint is made that the trial court erred in not granting a new trial when the record reflects that the codefendant's statements were kept from the defendant in violation of a pretrial discovery order. A portion of the court's pretrial *745 discovery order directed disclosure of "... a copy of any statements made by the defendant, codefendants, alleged accomplices and not heretofore reduced to writing, together with the names and addresses of any parties who were present at the time the statements were made." The point urged by the appellant is that the state wrongfully circumvented the order by not notifying the defendant of its intended use of the accomplice as a witness until the morning of the trial and hence the defendant was not sufficiently forewarned of the impending testimony.
The record reveals that an investigator for the district attorney's office advised him that the accomplice would testify for the state. The district attorney incredibly placed this witness on the stand without conferring with him, thus affording a basis for the argument that the court's pretrial discovery order was artfully evaded. In Peterson v. State, 242 So.2d 420 (Miss. 1970), we held:
... there is no rule requiring the State to divulge its entire case to the defendant. The discovery rule is directed toward physical evidence in the possession of the prosecution. The motion to divulge evidence is addressed to the sound discretion of the trial court to insure a fair trial and it is ordinarily granted within reasonable limits so as to preserve and safeguard the evidence. See cases collected in Armstrong v. State, 214 So.2d 589 (Miss. 1968). 242 So.2d at 424.
The trial court's discovery order and the facts related to it reveal no circumstance from which we can state the district attorney violated the order, particularly since it included a direction by the trial court that the state, its witnesses, including the officers of the sheriff's department, were enjoined from admonishing any witnesses not to talk with the defendant's attorney or his investigator. The witnesses were thus equally available to the defendant as they were to the state and the defendant must have known through his attorney the likelihood of one accomplice giving testimony against the other. We think this appellant was not prejudiced by the failure of the district attorney to more timely notify him of his intended use of an accomplice as a witness.
Overall, the identification of the appellant as a participant in the robbery is not overly strong and has given this Court much concern. However, the jury was properly instructed as to an accomplice's testimony and there was the identification by the pharmacist who had an opportunity to observe the appellant and thereby identify him even though he wore a stocking mask. The strength of his testimony, or its weakness, was for the jury's resolution. We cannot state the verdict is unsupported by credible evidence. It will therefore be affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.