WALKER, Justice,
for the Court:
This is an appeal from a conviction of armed robbery in the Circuit Court of Jackson County, Mississippi. Appellant was sentenced to twenty years in the custody of the Mississippi Department of Corrections.
On appeal, appellant’s sole assignment of error is that the verdict is against the overwhelming weight of the credible testimony. In passing upon the sufficiency of evidence to support a verdict, this Court must accept as true the evidence which supports the verdict, where there is a conflict between the evidence presented by the state and that presented by the accused. Spikes v. State, 302 So.2d 250 (Miss.1974).
Larry Mason testified that he was working at the Majik Market on Belair Road in Pascagoula at about 10:30 on the night of February 16, 1977, when three men entered the store. One of them pulled a pistol and ordered Mason to open the cash register; appellant ordered Mason to open the safe. After taking approximately $300 from the register and safe, the men ordered Mason to go into the back room, and when he did, they left.
Clifton Williams, who earlier had pled guilty to participating in the robbery and who was awaiting sentence at the time of appellant’s trial, testified that he, appellant, and two other men planned the robbery and that he acted as the lookout outside the store. He stated that he was looking into the store at one point and saw appellant taking money from the safe. According to Williams, after the robbery he and his cohorts went back to an apartment where the money was divided, but he did not get his share.
Ervin Warren testified that on the night of the robbery he came home from work and overheard appellant, a codefendant, Clifton Williams and several others talking about hitting a Majik Market. Warren left the apartment and when he came back, appellant told him that they had hit the store. Warren also stated that he saw the money and money wrappers.
Appellant put on only one witness for the purpose of establishing an alibi. However, this witness stated that while he and appellant were together all night on one Wednesday in February, 1977, he could not be sure of the date. The robbery took place on a Wednesday night.
Appellant’s contention that the verdict of the jury was contrary to the overwhelming weight of the credible testimony is based upon alleged discrepancies between the testimony given by Larry Mason and Clifton Williams at the preliminary hearing and what they stated at trial. According to appellant, Mason, who positively identified appellant at the trial, was unable to do so at the preliminary hearing. However, appellant overstates his case. The record shows that counsel for appellant asked Mason a compound question regarding appellant’s participation in the robbery. The question and answer were as follows:
Q. Well, now, when you testified, though,, these men and one other was sitting there weren’t they?
A. Inside the courtroom.
Q. I ask you to remember very carefully, if you didn’t identify that man — the man on your right, not the man on your left — as having been involved in the robbery? —The third man that went to the safe? Isn’t that correct?
*1121 A. Yes, sir.
On redirect, the prosecutor asked the following questions and received the following answers:
Q. I would like for you to look at the two defendants.
A. (Witness complies.)
Q. I ask you today do you see anyone in this courtroom that participated in that robbery?
A. Yes, sir.
Q. Would you point him out please?
A. (Points to defendant.)
BY MR. KREBS: May the record reflect he is pointing to the defendant Charles Luckett.
Q. Would you tell the ladies and gentlemen of Jury what Mr. Luckett did?
A. He asked me to open the safe and after I finally got it opened he got into it and took the money. Well, they took everything out of the safe.
Q. And you do admit to Mr. Fondren at the time of the preliminary hearing you picked the wrong man?
A. I could have, yes.
Q. Is there any doubt in your mind today who you are identifying?
A. No, there is not a doubt.
This testimony could be interpreted, as it is by appellant, to mean that Mason was entirely unable to identify appellant at the preliminary hearing. However, it could also be interpreted to mean that Mason simply made a mistake in identifying the robber who told him to open the safe. Because of the emphasis in the questions on the role played in the robbery by the person whom Mason identified at the preliminary hearing, we are of the opinion that it cannot be stated categorically that the trial record shows that Mason did not identify appellant at the preliminary hearing as having been a participant in the robbery. The record merely shows that at the preliminary hearing, Mason identified someone other than appellant as the one who told him to open the safe.
Appellant has a stronger argument with respect to the testimony of Clifton Williams. Williams testified at the trial that Maynard Dailey, who was tried with appellant and acquitted, drove the getaway car. However, at the preliminary hearing, Williams testified that Dailey was not involved. Williams’ explanation was that he lied at the preliminary hearing because Dai-ley had threatened him if he (Williams) implicated Dailey.
In Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946), a similar situation was presented and the Court there stated:
The jury, of course, were the triers of fact, charged with the duty of rendering a verdict according to the evidence. They were the sole judges of its weight and the credibility of the witnesses, Witt v. State, 159 Miss. 478, 132 So. 338; Henderson v. State, 187 Miss. 166, 192 So. 495. In the exercise of this judgment, they accepted the testimony offered on behalf of the state as presenting the truth of what occurred, which testimony included the evidence given by Robert Thomas, and it is not for us to say that their verdict should be set aside unless manifestly wrong and against the overwhelming weight of the testimony. In this case, it might appear that the state’s case was substantially based on a discredited witness, but the jury had its responsibility, as stated, and apparently believed him to be telling the truth on this occasion. We cannot measure how much they believed, or how little. Nor can we appraise how little or how much of the evidence on behalf of appellant the jury believed. The jury had the right to believe portions of testimony of witnesses, rejecting other portions. Triplett v. State, 159 Miss. 365, 132 So. 448. However, the testimony of Hill Walton, in our judgment, was sufficient to convict if the jury believed it to be true, as they apparently did.
As stated, we have no way of ascertaining what weight or effect the trial jury really gave to the testimony of Thomas, and we cannot say from the mere verdict of guilty in this case that it was founded solely on his testimony, especially where *1122 there is another witness, whose testimony materially corroborated him. Manifestly, by their verdict, the jurors declared their conviction that appellant was guilty of the crime charged against him, and even though the key witness for the state may have been impeached by several witnesses as to his credibility, and there were discrepancies in his testimony rendered on the occasion of the two separate trials, it was the province of the jury to pass upon the credibility of the witnesses, and also the discrepancies in the testimony of the witness given on the former trial and his testimony in the present trial. (199 Miss, at 260-61, 24 So.2d at 739).
See also Vanderpoel v. State, 251 So.2d 922 (Miss.1971).
In the case at bar, the testimony of Clifton Williams was substantially corroborated by other witnesses. For example, Larry Mason testified that he never saw Maynard Dailey. This is consistent with Williams’ testimony that Dailey remained in the car throughout the robbery. In addition, we have Mason’s identification of appellant, however shaky it may have been. Finally, and most significantly, there is the testimony of Ervin Warren who overheard appellant and others plotting the robbery and who was told by appellant that they had committed the crime.
In view of the foregoing, we are of the opinion that the jury had ample evidence upon which to base its verdict and that appellant’s contentions are without merit. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.