Paul B. Whittington, Jr. was indicted and convicted upon two counts of aggravated assault. He was sentenced to confinement in the Mississippi Department of Corrections. He appeals.
The indictment charged Whittington with assaulting and causing bodily injury to J.E. Patrick with a deadly weapon and attempting to cause bodily harm to Joyce White with a deadly weapon. The evidence discloses the alleged assaults arose out of one shooting episode.
Patrick was separated from his wife at the time of the occurrence and had been keeping company with Joyce White, the proprietress of the Coffee Shop, a tavern in Copiah County. About a month prior to the shooting, Patrick had been informed by Whittington, "You mess with my woman, I'll burn you up," referring to Joyce White. On the evening of May 9 or the early morning hours of May 10, 1978, Patrick and White were leaving the Coffee Shop when they were fired upon. Patrick responded by pushing White out of the line of fire and concealing himself around the corner in an alley. The firing continued until Patrick returned the volleys with a pistol he "happened to have" on his person. Patrick was struck twice by the bullets from his assailant's weapon. White was not injured although she testified the bullets were striking in close proximity to her body.
Patrick identified Whittington as the person who fired the shots at Ms. White and himself. He also identified the car which left the scene as that of Whittington.
Ms. White corroborated Patrick's testimony in describing the car normally driven by Whittington although she did not see either Whittington or the car on the night the shots were fired. Glenn Smith, a witness for the state, testified that he heard the shots and recognized the car leaving the scene as that of Whittington although he did not see the driver.
Patrick was cross-examined at length concerning his identity of Whittington and the defense placed in evidence photographs of the scene taken under conditions, as it was stated, similar to those existing on the night the shots were fired. From this Whittington sought to convince the jury that his identification by Patrick was highly improbable if not impossible. Whittington, through another, attempted to establish that he was visiting Leroy Matthas in Vicksburg on the night of May 9, at least one to one and one-half hours drive from Hazlehurst, when the shooting occurred, and hence could not have been the gunman.
The jury accepted the state's testimony and found Whittington guilty on both counts of the indictment.
On appeal Whittington contends the court erred in permitting into evidence the threats of the defendant, because they were indirect and too remote in time, and the evidence was insufficient to support the verdict.
We are of the opinion the threat was not so remote or indirect that it was inadmissible. In Sharplin v. State, 330 So.2d 591
(Miss. 1976), we held the remoteness of a threat was a matter for the trial judge to consider in his judicial discretion. Presently, we are unable to say that the trial court either erred or abused its discretion in permitting the previous threat as it was directly related to the assault in time and obviously established the motive for Whittington's action in assaulting both Patrick and White. It was therefore relevant to the charge and admissible. *Page 929 
The next assigned error is likewise without merit, in our opinion. We have often stated that conflicts in the evidence, its strengths or weaknesses, are for the jury's consideration. It is the sole judge of the weight and worth of testimony and has the duty to determine the evidence it will accept as true or that which it should reject as untrue. Luckett v. State,354 So.2d 1119 (Miss. 1978); Vickers v. State, 323 So.2d 743 (Miss. 1975); Wilson v. State, 234 So.2d 303 (Miss. 1970); Alexanderv. State, 251 Miss. 847, 171 So.2d 517 (1965). Presently, the jury obviously believed the testimony of the state and rejected that offered by the defendant. Under this circumstance, the evidence conflicted and we simply cannot state the jury's verdict was contrary to the overwhelming weight of the evidence. We therefore find this assignment has no merit.
We affirm the guilty verdict.
In a supplemental brief the state suggests the sentence of the trial court should be remanded for clarification. The jury verdict was:
 We, the jury, find the defendant guilty of aggravated assault upon Joyce White under Count Two.
 We, the jury, find the defendant guilty of aggravated assault upon J.E. Patrick under Count One.
The sentence provides in part:
 It is, therefore, considered by the Court, so ordered and adjudged that the Defendant, Paul B. Whittington, Jr., for such as his offense of Aggravated Assault (2 counts) be and he is hereby sentenced to serve Four years in the Mississippi State Penitentiary in the custody of the Department of Corrections. . . .
The state suggests it is unclear whether the sentence of four years imposed was for only one of the counts of conviction in which case the other is yet to be imposed, or whether the four-year sentence was intended to cover the conviction on both counts, perhaps, two years on each count, or whether the sentence was for four years on each count but that they run concurrently. It is suggested the state should not be required to conjecture upon the sentence because serious administrative problems could follow. United States v. Johnson, 588 F.2d 961 (5th Cir. 1979), and Benson v. United States, 332 F.2d 288 (5th Cir. 1964), are persuasive to the state's viewpoint and elucidate the difficulties and pitfalls of sentencing under a multi-count indictment.
In our opinion, the sentence is not without ambiguity and is subject to clarification. It is remanded for that purpose.
AFFIRMED AND REMANDED FOR CLARIFICATION OF SENTENCE.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur. *Page 1047