764 So.2d 445 (2000)
Lee Frank SAVAGE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00157-COA.
Court of Appeals of Mississippi.
February 15, 2000.
Rehearing Denied May 2, 2000.
Certiorari Denied August 17, 2000.
Robert Lee Moran, Vicksburg, William A. Lanigan, III, Attorneys for Appellant.
*446 Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
KING, P.J., for the Court:
¶ 1. Lee Frank Savage was convicted of attempted burglary in the Claiborne County Circuit Court. He was sentenced to serve a term of eighteen years in the custody of the Mississippi Department of Corrections. Aggrieved by both the conviction and sentence, Savage has filed the instant appeal and assigned the following as error: 1) whether there was legally sufficient evidence to support the defendant's motion for directed verdict, and did the trial court err in failing to grant a judgment notwithstanding the verdict or, alternatively a new trial and 2) did the trial court commit plain error in failing to grant a circumstantial evidence instruction?

FACTS
¶ 2. On the afternoon of May 2, 1997, Sarah Chambliss looked out of her window and saw a man kneeling down behind her son's trailer home. Ms. Chambliss observed a man holding a rear screen from the window of the trailer. Fearing that the man was attempting to rob her son's home, Ms. Chambliss ran outside to chase him away. The man jumped over a barbed wire fence and fled. Ms. Chambliss immediately called the sheriff's office.
¶ 3. Carl Fleming, the deputy sheriff on duty, received the call. Ms. Chambliss described the alleged robber as a black man wearing faded blue jeans without a shirt. While driving to Ms. Chambliss's home to investigate, Fleming noticed a man jogging along the road wearing faded blue jeans and a t-shirt. The man was later identified as Lee Frank Savage. Fleming stopped Savage and questioned him. Savage was visibly sweaty with grass stains on his head and tennis shoes. Fleming also noticed small cuts covering the palms of Savage's hands. After questioning Savage, Fleming placed him in the patrol car and drove to Ms. Chambliss's home.
¶ 4. While Ms. Chambliss explained the details of that afternoon, Savage remained in the patrol car. During the interview, Fleming did not ask Ms. Chambliss to identify Savage as the burglar. In fact, Savage was never identified as the burglar. After investigating the scene, Fleming placed the rear window screen in the trunk of the patrol car and drove back to the police station with Savage. The screen was tested for latent fingerprints. The fingerprints found on the screen were positively identified as belonging to Savage.
¶ 5. Savage was subsequently charged with attempted burglary of the trailer home of James Chambliss. In his defense, Savage claimed that he did not attempt to break into James Chambliss's trailer home. Despite his testimony, the jury convicted Savage of attempted burglary. Savage's motion for judgment notwithstanding the verdict, or in the alternative a new trial having been denied, he now appeals his conviction and sentence.

ANALYSIS AND DISCUSSION OF THE LAW

I.

Whether there was legally sufficient evidence to support the defendant's motion for directed verdict, and did the trial court err in failing to grant a motion for judgment notwithstanding the verdict, or alternatively a new trial.
¶ 6. Because the standards of review for the denial of a directed verdict and a judgment notwithstanding the verdict are the same, we will group the appellant's first two arguments for discussion purposes. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). See also Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss. 1997); American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995); *447 Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993). Under this standard, "the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence." Id. (citations omitted). "We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Harveston v. State, 493 So.2d 365, 370 (Miss.1986). This assignment of error challenging the sufficiency of the evidence should be sustained "[i]f the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty." Burge v. State, 472 So.2d 392, 396 (Miss.1985).
¶ 7. Savage contends that the trial court erred in not directing a verdict in his favor and in denying his motion for judgment notwithstanding the verdict. Despite the presence of his fingerprints on the screen and an eyewitness description of his attire, Savage argues that the State failed to provide sufficient evidence to connect him to the crime scene. Savage claims that this evidence was insufficient to sustain a guilty verdict on the attempted burglary charge. In applying the standard to the case at bar, we find substantial evidence in the record to support the jury verdict and the evidence is of such quality and weight that affirmance of the verdict is required.
¶ 8. Alternatively, Savage argues that the trial court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. The grant or denial of a new trial is within the sound discretion of the trial judge. Crenshaw v. State, 520 So.2d 131, 135 (Miss.1988). The Supreme Court will reverse the lower court's denial of a motion for new trial only if, by denying, the court abused its discretion. Id. (citations omitted). See Shields v. Easterling, 676 So.2d 293, 298 (Miss.1996) (quoting Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n., 560 So.2d 129, 132 (Miss.1989) (stating that a new trial may be granted when, for instance, the verdict is against the overwhelming weight of the evidence, when the jury has been confused by faulty instructions, or when the jury verdict is a result of passion, bias or prejudice)). See Esparaza v. State, 595 So.2d 418, 426 (Miss.1992); Morgan v. State, 703 So.2d 832, 840 (Miss.1997). Absent an abuse of discretion, this court is "without power to disturb such a determination." Muse, 559 So.2d at 1034. In the present case, we cannot conclude that the weight of the evidence is so against the verdict that an unconscionable injustice will occur absent a new trial. McClain v. State, 625 So.2d 774, 781 (Miss.1993). This assignment of error is without merit.

II

Did the trial court commit plain error by failing to grant a circumstantial evidence instruction?
¶ 9. Savage alleges that the trial court committed plain error by failing to sua sponte grant a circumstantial evidence instruction. Savage argues that the fingerprint evidence and the eyewitness account amounted to circumstantial evidence and was legally insufficient to sustain a conviction. A circumstantial evidence instruction should be given only when "the prosecution can produce neither eyewitnesses or a confession to the offense charged." McNeal v. State, 551 So.2d 151, 157-59 (Miss.1989); Clark v. State, 503 So.2d 277, 279 (Miss.1987); Keys v. State, 478 So.2d 266, 267 (Miss.1985); Ladner v. State, 584 So.2d 743, 750 (Miss.1991). See also Givens v. State, 618 So.2d 1313, 1318 (Miss.1993) (stating that where all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict). *448 However, while a circumstantial evidence instruction may be appropriate, it remains incumbent upon the defendant to request such an instruction. Poole v. State, 231 Miss. 1, 94 So.2d 239, 240 (1957). It is not generally the obligation of the trial court to prepare and submit jury instructions on behalf of the State or the defendant. Samuels v. State, 371 So.2d 394, 396 (Miss. 1979).
¶ 10. Savage argues that the failure to sua sponte grant a circumstantial evidence instruction should be considered plain error. The plain error doctrine may be considered to insure that a substantial constitutional right has not been infringed. The Mississippi Supreme Court has said that error is "plain" only if it "affects substantial rights of the defendants." Grubb v. State, 584 So.2d 786, 789 (Miss. 1991); Winston v. State, 726 So.2d 197, 208 (Miss.App.1998). The case law is quite settled regarding sua sponte jury instructions. "Case law does not impose upon a trial court a duty to instruct the jury sua sponte, nor is a court required to suggest instructions in addition to those which the parties tender." Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995) (citing Conner v. State, 632 So.2d 1239 (Miss.1993)) (overruled on other grounds.) See also Giles v. State, 650 So.2d 846 (Miss.1995). As a general rule, "no error may be predicated upon the Court's refusal to give an instruction defense counsel never requested." Williams v. State, 566 So.2d 469, 472 (Miss.1990).
¶ 11. As such, this court finds no infringement of a substantial constitutional right, and therefore declines to consider this matter as plain error.
¶ 12. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF ATTEMPTED BURGLARY AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.