McMILLIN, C.J.,
for the court.
¶ 1. Tommie Lee Page was convicted of the crime of aggravated assault by an Ok-tibbeha County Circuit Court jury. He was sentenced to life imprisonment without the possibility of parole as a habitual offender. Page has now appealed his conviction and resulting sentence, asserting that the evidence of his guilt was insufficient as a matter of law. We find this assertion of error to be without merit and we affirm.
I.
Facts
¶ 2. This statement of facts is drawn from the testimony of prosecution witnesses. The defense rested without putting on any evidence. Karen Hendrix, the victim, testified that she was lured into the back room of a coin-operated laundry by Page on the pretext that he could show her how to operate the dryers without putting in money. According to Hendrix, as she stood in the door, Page pulled her into the room and approached her with a drawn knife. They struggled and Hendrix grabbed the knife in an attempt to defend herself. Hendrix cried out for help, but before anyone else arrived, Page fled the building, apparently using a rear door. Hendrix suffered a cut to her hand that she said was obtained as she attempted to defend herself from Page’s attack. Though Hendrix was not personally acquainted with her assailant, she was able to identify him for investigating officers from a photographic lineup. Several other witnesses reported that Hendrix, in an agitated state immediately after the incident, repeatedly made a claim to the effect that “[h]e tried to stab me.” Witnesses also reported seeing Page in the laundry facility just moments before the incident but no one saw the actual attack or witnessed Page fleeing the scene. The State offered into evidence a police photograph showing the nature of the injury to Hendrix’s hand.
¶ 3. The defense moved for a directed verdict of acquittal at the close of the State’s proof. The motion was denied. At that point, the defense chose to rest without calling any witnesses, thereby proee-durally preserving its challenge to the legal sufficiency of the evidence. The jury returned a verdict of guilty and this appeal followed.
*98 II.
Discussion
¶ 4. Page argues that the trial court erred in denying his motion for a directed verdict. He contends that the State failed to prove beyond a reasonable doubt that he committed an aggravated assault. Aggravated assault is defined in Section 97-3-7 of the Mississippi Code, which provides, in part, that “[a] person is guilty of aggravated assault if he ... purposely or knowingly causes bodily injury to another with a deadly weapon-” Miss.Code Ann. § 97-3-7 (Rev.2000).
¶ 5. On appeal from the denial of a motion for directed verdict of acquittal, the appellate court is required to consider all of the evidence in the light most favorable to upholding the jury’s verdict. We reverse only if we are convinced that, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 6. Page appears to argue that Hendrix’s version of events is unworthy of belief since there was no evidence that Page was intent on either robbing or sexually assaulting her. Thus, according to Page’s argument, the absence of any evidence of a motive makes it improbable that the events as testified to by Hendrix actually occurred. Evidence of a motive for a particular criminal act may often prove to be extremely persuasive, but motive is not an essential element of the crime of assault. The lack of an explanation for Page’s actions does not, of itself, fatally undercut the credibility of Hendrix as a prosecution witness. Generally, issues of witness credibility are submitted to the jury, sitting as finders of fact, for resolution. Billiot v. State, 454 So.2d 445, 463 (Miss.1984). On appeal, those findings are entitled to substantial deference. Id. It has long been established that the testimony of only one eyewitness, if believed to be credible by the jury, is sufficient evidence to sustain a conviction. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995); Witt v. State, 159 Miss. 478, 482, 132 So. 338, 339 (1931).
¶ 7. Alternatively, Page claims that the jury’s verdict was against the weight of the evidence and that the trial court erred when it denied his motion for a new trial on that basis. A trial court may order a new trial when the court concludes that the verdict, though supported by some evidence, is so contrary to the weight of the credible evidence that, to allow it to stand would work a manifest injustice. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). The trial court, in ruling on such a motion, must view all of the evidence in the light most favorable to upholding the verdict. When the allegation on appeal is that the trial court erred in denying a new trial motion, an appellate court conducts a review of the evidence in that same light and may overturn the trial court’s decision only if the court concludes that the trial court abused its discretion in its ruling. McClain, 625 So.2d at 781.
¶ 8. In this case, there was no affirmative evidence offered by the defense. Rather, the entire theory of the defense was based on its contention that the State had failed as a matter of law to present evidence establishing Page’s guilt beyond a reasonable doubt. Hendrix presented testimony that went to all of the essential elements of aggravated assault. She testified that she was attacked by Page, who was wielding a knife, and that she received lacerations while attempting to defend herself from his attack. We have already observed that the victim’s testimony alone, if found credible by-the finders of fact, is enough to sustain a conviction. Holmes, 660 So.2d at 1227; Witt, 159 Miss. at 482, 132 So. at 339. Hendrix was not effective *99 ly impeached during cross-examination, nor did the defense present evidence that would tend to make her version of events so improbable as to be unworthy of belief. In the situation where there is no competing evidence tending to contradict the testimony offered by a prosecution witness or witnesses covering each of the essential elements of the crime, there can be no logical assertion made that the jury’s verdict was against the weight of the credible evidence. See Brockman v. State, 216 Miss. 314, 317, 62 So.2d 362, 363 (1953).
¶ 9. We do not conclude that the trial court erred in denying Page’s new trial motion on the contention that the verdict was against the weight of the evidence.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.