CHANDLER, J.,
for the Court.
¶ 1. After a jury trial in the Circuit Court of Rankin County, Otha Cleveland Madison was convicted of armed robbery and sentenced as a habitual offender to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. Aggrieved, Madison appeals to this Court, asserting three errors: (1) whether the trial court committed reversible error by allowing the prosecutor to amend Madison’s indictment of armed robbery to reflect his status as an habitual offender; (2) whether the trial court committed reversible error in failing to grant a circumstantial evidence instruction; and (3) whether defense counsel’s representation of Madison was ineffective.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Iris Bryant worked as an assistant manager at a ■ Hibbets Sports store in Pearl, Mississippi. On March 8, 2003, at approximately 8:30 p.m., Bryant closed the store and drove to Trustmark National Bank in order to make a deposit in the bank’s night depository. Bryant parked her car near the depository. As Bryant reached down to pick up the bag of funds for deposit, a man appeared outside her driver’s side window. The man was pointing a gun toward Bryant’s head and told Bryant to “give [him] the bag.” Bryant gave the man the bag, and he ran away.
¶ 4. One person witnessed the robbery, however, no witness was able to identify Madison as the culprit. Investigators with the Brandon Police Department discovered latent fingerprints on an air conditioning unit at the bank. The air conditioning unit was situated where police suspected the robber had hidden in wait. The latent fingerprints matched Madison’s. Madison was arrested on May 11, 2003. When *254 speaking to one police officer, Madison denied having been at the bank. However, when Madison spoke to Officer Andrew Pitts with the Clinton Police Department, he stated that he had been at the bank attempting to steal the air conditioning unit. At his trial, Madison presented alibi witnesses, but was found guilty.
LAW AND ANALYSIS
I.WHETHER THE TRIAL COURT ERRED BY ALLOWING THE STATE TO AMEND MADISONS INDICTMENT TO REFLECT HIS HABITUAL OFFENDER STATUS.
¶ 5. The State failed to indict Madison as a habitual offender. The day before the trial, the State moved to amend Madison’s indictment to charge him as a habitual offender pursuant to Mississippi Code Annotated 99-19-81. The State produced evidence of Madison’s two prior felony convictions. Madison objected to the timeliness of the motion to amend. The trial court granted the motion to amend, but instructed the State not to mention Madison’s prior convictions to the jury unless Madison chose to testify.
¶ 6. According to Uniform Circuit and County Court Rule 7.09, “[a]Il indictments may be amended as to form but not as to the substance of the offense charged.” The rule specifically states that an indictment may be amended to charge the defendant as a habitual offender. The rule further provides that “[ajmendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” Madison argues he was unfairly surprised by the State’s motion to amend and, therefore, the trial court erred by allowing the amendment. Madison contends that, had he been given more notice of the State’s intention to charge him as a habitual offender, he may have elected to plead guilty rather than proceed to trial.
¶ 7. Madison was not unfairly surprised by the motion to amend the indictment to charge him as a habitual offender. “The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.” Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995). Since an amendment charging a defendant as a habitual offender does not affect the substance of the crime charged, but only the sentencing, Madison’s defense to the armed robbery charge was unaffected by the amendment. Adams v. State, 772 So.2d 1010, 1020(¶ 50) (Miss.2000). This issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A CIRCUMSTANTIAL EVIDENCE INSTRUCTION.
¶ 8. Madison argues that he was entitled to a circumstantial evidence jury instruction. However, Madison failed to request a circumstantial evidence jury instruction or to object to the jury instructions given. A circuit court has no duty to sua sponte give a circumstantial evidence instruction; it is incumbent upon the defendant to request such an instruction. Savage v. State, 764 So.2d 445, 448(¶ 9) (Miss.Ct.App.2000). Further, by failing to request a circumstantial evidence instruction, Madison failed to preserve this issue for appellate review. Id. at (¶ 10). This issue is without merit.
III. WHETHER MADISON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 9. With new appellate counsel, Madison asserts that his trial counsel was ineffective. Madison argues that his eoun- *255 sel spent too much time attempting to show that Madison left his fingerprints upon the air conditioning unit on an earlier occasion unconnected with the armed robbery of Bryant. He further avers that counsel failed to provide a rational explanation for the presence of Madison’s fingerprints on the air conditioning unit and that this failure tended to discredit Madison’s alibi defense. Madison also contends that defense counsel should have challenged Officer Pitts, of the Clinton Police Department, about his authority to be involved in the Brandon Police Department’s investigation of the robbery. Finally, Madison argues that his counsel was deficient in failing to object to twelve leading and/or repetitive questions posed by the State to witnesses. Madison argues that these acts by counsel constituted ineffective assistance.
¶ 10. This Court applies the two-part test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to claims of ineffective assistance of counsel. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, the defendant bears the burden of proof to show that (1) counsel’s performance was deficient, and (2) that the deficient performance prejudiced the defense. Id. There is a strong but rebuttable presumption that counsel’s performance fell within the wide range of reasonable professional assistance. Id. This presumption may be rebutted with a showing that, but for counsel’s deficient performance, a different result would have occurred. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). This Court examines the totality of the circumstances in determining whether counsel was effective.. Id.
¶ 11. Madison raises the issue of ineffective assistance of counsel on direct appeal. We observe that, on direct appeal, we may reverse a conviction for ineffective assistance of counsel only if “(a) ... the record affirmatively shows ineffectiveness of constitutional dimensions, or (b) the parties stipulate that the record is adequate and the Court determines that findings of fact by a trial judge able to consider the demeanor of witnesses, etc. are not needed.” Read v. State, 430 So.2d 832, 841 (Miss.1983). The parties have not stipulated as to the adequacy of the record. If the record affirmatively shows that Madison received ineffective assistance, “then it should have been apparent to the presiding judge, who had a duty ... to declare a mistrial or order a new trial sua sponte.” Colenburg v. State, 735 So.2d 1099, 1102(¶ 8) (Miss.Ct.App.1999).
¶ 12. It appears from the record that the actions of Madison’s counsel concerning the fingerprint evidence fell within the “wide range of reasonable professional assistance.” McQuarter, 574 So.2d at 687. Madison’s fingerprints were the only physical evidence tying Madison to the crime scene. Given the fingerprint evidence, the jury had to determine the credibility of Madison’s alibi and his explanation of how the fingerprints came to be at the crime scene. Had defense counsel succeeded in establishing that Madison touched the air conditioning unit at some time unconnected with the robbery, then Madison’s alibi would have been strengthened. Madison fails to point out how his defense would have been aided had defense counsel questioned Officer Pitts’s authority to interview a suspect for the Brandon Police Department. Concerning counsel’s leading and repetitive questions, the State chiefly had its witnesses give narrative testimony concerning what they observed and what investigation was done. Madison fails to show that he was prejudiced by the prosecution’s elicitation of this 'type of testimony. The record does not affirmatively show that Madison’s trial counsel was inef *256 fective. We note that Madison remains free to raise the issue of ineffective assistance of counsel during post-conviction proceedings. Read, 430 So.2d at 841.
¶ 13. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE TO A TERM OF THIRTY-FIVE YEARS AS A HABITUAL OFFENDER TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS'APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.