GRIFFIS, P.J.,
for the Court.
¶ 1. Jaire Pierce, Jr. was indicted for burglary and grand larceny of a church. Pierce was convicted on the larceny charge, and the jury could not reach a verdict on a burglary charge. The Circuit Court of Tate County sentenced Pierce to serve ten years in the custody of the Mississippi Department of Corrections. On appeal, Pierce argues the verdict was against the overwhelming weight of the evidence. We find no reversible error and affirm.
FACTS
¶ 2. On the night of October 4, 2009, various items were stolen from the New Garden Baptist Church in Tate County, Mississippi. Among other things, this included computers, printers, copy machines, an air compressor, audio/video equipment, cookware, ice cream, coffee creamers, and communion cups.
¶ 3. At approximately midnight, Pierce was driving in Olive Branch, Mississippi, when he was pulled over by Sergeant Keith Kite of the DeSoto County Sheriffs Department. Sergeant Kite noticed various items in the passenger compartment and bed of Pierce’s truck, which were later identified as those taken from the New Garden Baptist Church. Pierce claimed he had cleaned out his office in Marshall County, and the items belonged to him. Pierce had, however, been traveling east on Highway 302, toward Marshall County, at the time he was stopped.
¶ 4. Sergeant Kite’s suspicions peaked when he observed that several of the boxes in the bed of the truck had shipping labels with Charles Johnson’s name and address printed on them. Sergeant Kite relayed this information to the dispatch officer, who called Johnson. Johnson reported *690 that the items belonged to the New Garden Baptist Church, which was later discovered to have been burglarized. Pierce was arrested. When Sergeant Kite searched Pierce, he found a screwdriver and a remote control that had been stolen from the church. Subsequent investigation revealed Pierce’s parents’ home is located near New Garden Baptist Church.
¶ 5. At trial, Pierce testified in his own defense. Pierce ran a tree-trimming business, and he denied he had a financial motive to steal. According to Pierce, he had left his truck with an employee who was supposed to replace its gas tank. The truck — an older Ford F-150 with a distinctive two-tone paint job — had then been spotted by someone[1] on the side of the road in DeSoto County. Pierce’s cousin drove him to DeSoto County to look for the vehicle. When they found the truck, the stolen property was already in it. Pierce knew the items were not his, but he wanted to get the truck somewhere safe before sorting it out. Pierce used the screwdriver to hotwire the vehicle’s lights, which were not working; and he inadvertently placed the remote control in his pocket, believing it was his cell phone. Pierce also disputed Sergeant Kite’s testimony that he was driving toward Marshall County at the time he was pulled over; Pierce testified that he was traveling in the opposite direction, toward the employee’s home in Memphis, Tennessee. Pierce did admit, however, that he was staying with his cousin in Marshall County at the time.
¶ 6. Pierce was indicted for burglary and grand larceny. The jury deadlocked on the burglary charge. After being polled, the circuit court determined that the jury could not reach a verdict if given more time. Pierce’s motion for a mistrial on the burglary charge was granted. The jury returned a guilty verdict on the grand-larceny charge. In this appeal, Pierce claims the guilty verdict was against the overwhelming weight of the evidence.
DISCUSSION
¶ 7. In Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005), the supreme court has stated the standard of review, when reviewing a denial of a motion for a new trial as follows:
When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.... However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather ... [the reviewing] court simply disagrees with the jury’s resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.
(Internal citations and quotations omitted). Further, the supreme court cautioned that a challenge to the weight of the evidence “is addressed to the discretion of the court, which should be exercised with caution, *691 and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id.
¶8. Pierce argues the State failed to produce certain evidence at trial. Pierce claims there were no fingerprints at the scene that tied him to the crime. Pierce also contends that the State did not obtain a cast of tire tracks near the church and analyze whether the tracks came from Pierce’s truck’s tires. Finally, Pierce argues that there was neither a confession nor eyewitness testimony about the theft.
¶ 9. “[T]he possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny.” Robinson v. State, 418 So.2d 749, 756 (Miss.1982). The theft from the church occurred on a Sunday night. Testimony indicated that most of the worshipers would have left the church around 8:00 p.m. that night, with everyone gone by approximately 8:30 p.m. Pierce was apprehended four minutes after midnight in De-Soto County. The arresting officer noted that the cream stolen from the church was only partially melted, indicating that it had been thawing for only a short time. Since Pierce was caught with the stolen items such a short time after the crime could have occurred, there is an inference that he was the one who had stolen the items.
¶ 10. Moreover, Pierce’s explanation of how he came to possess the stolen items is not credible. Even on its own terms, the story is improbable, and it was not corroborated even though Pierce identified at least three other people who could have done so. Pierce also gave a different statement to the arresting officer, claiming that he was clearing out an office in Marshall County and that the items belonged to him. To the contraiy, when Pierce testified, he admitted that knew the items in his trucks were not his.
¶ 11. The State’s failure to analyze the tire tracks was explained by an investigator, who stated she did not find tire tracks that were deep enough to make a cast for comparison. Even in Pierce’s account, there appears to be little question his truck was used in the theft. The fact that Pierce was not linked to the crime scene by fingerprints weighs little against the other evidence of guilt.
 ¶ 12. Ultimately, it was for the jury to weigh Pierce’s testimony against the inferences of guilt from the circumstantial evidence introduced against him. Conflicts in the evidence are for the jury to resolve. Whittington v. State, 377 So.2d 927, 929 (Miss.1979). Likewise, the jury is the sole judge of the credibility of witnesses. Nix v. State, 8 So.3d 141, 146 (¶ 26) (Miss.2009). We find that the jury’s verdict is not against the overwhelming weight of the evidence.
¶ 13. In his brief, Pierce lists a second issue: whether verdict was supported by sufficient evidence. However, he did not brief this issue. As a result, the consideration of the second issue is barred on appeal. See Ruff v. Estate of Ruff, 989 So.2d 366, 372 (¶24) (Miss.2008). Notwithstanding the procedural bar, we find that the evidence discussed above was legally sufficient to support Pierce’s conviction for grand larceny.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
*692 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Pierce stated that he was not sure who had called to tell him about the truck. Pierce knew it was someone from the Clark residence, business associates of his, but he could not say whether it was the senior Clark, one of his adult sons, or one of his grandsons. He could not give a first name Pierce explained that after years of cutting trees, he was hard of hearing.