GRIFFIS, P.J., for the court:
¶ 1. A Lincoln County jury found Steven O. Bennett guilty of aggravated assault in the shooting of Willie Bridges, which occurred following a fight between the two men in the parking lot of a bar located in Brookhaven, Mississippi. The trial court sentenced Bennett to twenty years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively to a previously imposed sentence. Bennett also was ordered to pay court costs, a fine, and restitution for the victim’s medical bills. Bennett appeals arguing that the jury’s verdict was against the overwhelming weight of the evidence. We find no reversible error and affirm.
FACTS
¶2. On or about April 9, 2010, during closing time at JB’s bar, somebody reportedly “popped” Leslie Hickingbottom on her backside as she and Bridges were walking out of the bar. As a result, a fight ensued in JB’s parking lot between Bridges and an unknown person. Witnesses testified that Bennett was with this person, and Bennett joined in the fight.
¶ 3. Hickingbottom testified that Bridges punched Bennett, and a gun fell from Ben *1272 nett’s person onto the ground. Seeing the gun, Bridges “got on top of [Bennett and began] beating him.” Afterwards, Bridges got up, dusted himself off, and walked away. Hickingbottom testified that Bennett then shot Bridges.
¶ 4. Bridges testified that he stopped hitting Bennett and walked away because he did not want to hurt Bennett. Bridges said when he got to his truck, he turned around and saw Bennett dusting himself off. Bennett then grabbed the gun, pointed it at Bridges and shot him. Bennett took off running and jumped into a red and black “Charger” vehicle.
¶ 5. Ashley Graham and her mother, Ann Felder, testified they were at JB’s bar prior to closing, and they witnessed the shooting from the parking lot of the “G-Store,” located “in front” of JB’s bar. Both Graham and Felder identified Bennett as the shooter at trial. Felder told the jury, however, that she did not see Bennett’s face at the time of the shooting, but she recognized Bennett as the shooter from the clothes he was wearing after having seen him earlier in the evening inside JB’s bar.
¶ 6. The shooting resulted in a serious wound to Bridges’s shoulder. Bridges first received medical treatment at King’s Daughter’s Hospital in Brookhaven before being flown to the University Medical Center in Jackson where he underwent extensive medical treatment.
¶ 7. Two Brookhaven police officers, who helped investigate the matter, testified that two cell phones were recovered from JB’s bar’s parking lot during the investigation. Both phones were entered into evidence at trial. Bridges identified one of the phones as his. The State alleged that the other phone belonged to Bennett. According to Officer Bobby Bell, the phone’s directory contained a phone number stored under the name, “Mom.” Bell testified when he called the number, he spoke with Bennett’s mother.
¶ 8. Bennett was the only person to testify on his behalf at trial. Bennett claimed that he had never been to JB’s bar, and he had never seen nor heard of the victim or any of the witnesses. Bennett also testified that he had never before owned, touched, or fired a gun of any kind. Bennett stated that he owned a cell phone, which he lost sometime “around April.” Bennett claimed, however, the phone recovered from JB’s bar’s parking lot, which contained his mother’s phone number, was not his.
¶ 9. The jury found Bennett guilty of aggravated assault. Bennett filed a motion for a new trial on the basis that jury’s verdict was against the overwhelming weight of the evidence. The trial court denied the motion. Bennett timely appealed.
STANDARD OF REVIEW
¶ 10. “A motion for new trial challenges the weight of the evidence.” Wilkins v. State, 1 So.3d 850, 854 (¶ 11) (Miss.2008) (quoting Ivy v. State, 949 So.2d 748, 754 (¶ 21) (Miss.2007)). The trial court’s decision to grant or deny the motion falls under an abuse-of-discretion standard on appeal. Id. The evidence is considered “in the light most favorable to the verdict[,]” and we will not order a new trial unless the verdict is found to be “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005).
DISCUSSION
¶ 11. Bennett contends the trial court erred by not granting him a new trial, *1273 because the State’s case consisted primarily of confusing and conflicting testimony from the victim and three witnesses, with no physical evidence connecting him to the crime. Bennett also claims for the first time on appeal that the State did not offer evidence that the assault was not in necessary self-defense.
¶ 12. According to the record, four people testified that they witnessed Bennett shoot Bridges on the night in question; two of the witnesses testified that they saw the assault up close. There was some conflicting testimony about the events that led up to the altercation between Bennett and Bridges, but this was for the jury to sort through and consider. Whittington v. State, 377 So.2d 927, 929 (Miss.1979) (“conflicts in the evidence, its strengths or weaknesses, are for the jury’s consideration”).
¶ 13. The evidence established that Bridges was unarmed and had already walked away from the fight when Bennett shot him. Further, a review of the jury instructions indicates that the jury rejected any notion that Bennett had acted in self-defense.
¶ 14. Based on our review of the record, we can only conclude that the jury believed the State’s testimony and rejected the testimony offered by Bennett. The verdict was not against the overwhelming weight of the evidence; thus, we must affirm the trial court’s decision to deny Bennett’s motion for a new trial. Bennett’s assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN LINCOLN COUNTY CAUSE NUMBER 09-188LS, AND TO PAY A $5,000 FINE AND RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.