PAYNE, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. In January 1999, Troy Wayne Jones was indicted on three counts: one count of burglary of a dwelling and two counts of aggravated assault. A Rankin County Circuit Court jury found Jones guilty of burglary, but returned not guilty verdicts on the two counts of aggravated assault. Jones was sentenced on the burglary count to serve twenty-five years in the custody of the Mississippi Department of Corrections. Jones filed a motion for judgment notwithstanding the verdict, or in the alternative a new trial, but after a hearing on the motion and the court’s failure to render a decision, Jones opted to file his notice of appeal on April 20, 2000. The judge sentenced Jones on May 10, 2000. Aggrieved of his conviction, Jones now appeals to this Court.
FACTS
¶ 2. The incident in question occurred on January 24, 1999, at which time the appellant, Troy Jones, and his wife Tracy Jones were separated. On the afternoon in question, Tracy took her two children and went to the home of her parents, Eugene and Lynn Lewis,[1] because she and Troy had a fight that afternoon and she was *1100 frightened of him. The Lewises allowed Tracy and her children to remain at their home that night, and the Lewises spent the night at Tracy’s trailer. That evening Troy came to the trailer looking for Tracy. When Troy beat on the door, Lynn Lewis yelled that Tracy was not there, then told Troy to leave. With a sawed-off shotgun in hand, Troy kicked in the door and entered the home. Troy threatened to kill both Eugene and Lynn and demanded to know Tracy’s whereabouts. Lynn then went outside, Troy following behind. Troy got into his truck, but then got out again when Lynn yelled for Eugene to call the police. Troy ran toward Eugene, pointing the shotgun at him, but Lynn stuck out her leg and tripped Troy, causing him to fall to the ground. Lynn then ran away, but Troy pointed the gun at her and fired a shot; Lynn was not hit. Troy left and the police later found him. A Rankin County Circuit Court jury found Troy Jones guilty of burglary. As described herein, we find Troy’s one issue on appeal to be without merit, and we affirm the trial court’s decision.
ANALYSIS OF THE ISSUE PRESENTED
STANDARD OF REVIEW
¶ 3. Appellant Troy Wayne Jones raises a single issue with this appeal. As argued in his motion for judgment notwithstanding the verdict or, in the alternative motion for a new trial, Jones claims that since he was not found guilty of the counts of aggravated assault, he cannot be found guilty of burglary because assault is an element of the crime of burglary. We first look to our standard of reviewing the trial judge’s denial of judgment notwithstanding the verdict:
Under this standard, “the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.” “We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” This assignment of error challenging the sufficiency of the evidence should be sustained “[i]f the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty.”
Savage v. State, 764 So.2d 445, 447 (¶ 6) (Miss.Ct.App.2000) (citations omitted).
¶ 4. Our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774 (Miss.1993):
Matters regarding the weight and credibility of the evidence aré to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
Id. at 781 (citations omitted).
DISCUSSION OF THE ISSUE
¶ 5. Troy Jones makes a very limited argument in support of this issue. He essentially argues that the definition of burglary involves the element of assault, and since he was acquitted on the two assault charges, he cannot now be convicted of burglary. However, the law does not support this theory. The statutory definition of burglary of a dwelling is found in *1101 Miss.Code Ann. § 97-17-23 (Rev.2000), and states:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
¶ 6. The elements of this crime are explicitly stated in the above quoted statute. Regarding the first element of breaking, ample proof existed, both from witness testimony and physical evidence, that Jones physically burst through the door to gain entrance to the trailer. The other element of this crime requires that such unlawful entry be gained with the intent of committing a crime therein. Here, that crime was assault. Assault, more specifically aggravated assault, is defined as follows:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
Miss.Code Ann. § 97-3-7(2) (Rev.2000).
¶ 7. Jones argues that since he was acquitted of assault, he should have been acquitted of the burglary charge as well, since no crime was committed. The burglary statute says that the burglar must have the intent to commit a crime therein, not that the actual crime must be accomplished. The jury instructions, as given, state that Jones had to break in “with the intent to commit the crime of assault therein.” A review of the evidence in support of this inference shows that Jones certainly intended to assault Tracy that evening when he broke into her trailer: (1) Troy’s mode of entry into the house was violent, as he kicked in the door and yelled for the Lewises to tell him where Tracy was; (2) once inside the trailer, Troy waved the shotgun at the Lewises as he asked for Tracy; (3) Naomi Cumberland, Tracy’s mother, testified that Troy called her the night of the incident complaining about Tracy, and Naomi told him to “get to the point,” to which Troy replied, “That’s okay, Naomi. That’s okay. You’ll know tomorrow, Naomi. You’ll know.” Troy then hung up on Naomi; and (4) Troy voluntarily made comments to Officer Thompson as Troy was riding in the car to go to the police station. These statements inferred that Troy was very jealous of Tracy’s relationship with other men. Officer Thompson then recalled Troy saying, “No man will ever raise my kid. I will kill the bitch first.”
¶ 8. Considering all of these points together with the testimonies of the witnesses, we make the fair and logical inference that Troy went to Tracy’s home that evening with his shotgun intending to assault her. The jury was correct in finding that Troy was guilty of burglary since he broke in, and the circumstances cumulatively show he had an intent to assault Tracy at the time he broke into her trailer. We find no error with the jury’s decision to acquit Troy on the two counts of aggravated assault. Accordingly, we find that this appeal has no merit.
CONCLUSION
¶ 9. Finding no error in the trial court’s findings, we affirm the decision of the Rankin County Circuit Court.
*1102 ¶10. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ„ CONCUR.

. Eugene Lewis is Tracy’s biological father; Lynn Lewis is Tracy’s stepmother. Tracy’s biological mother is Naomi Cumberland.