MYERS, J.,
for the Court.
¶ 1. Lederrick Chaney was convicted in the Circuit Court of Lauderdale County on the charge of burglary of a business. Judge Robert W. Bailey sentenced Chaney to four years imprisonment and restitution of $4,124. Feeling aggrieved of this verdict and sentence, Chaney appeals to this Court asserting that there was insufficient evidence to support the jury’s verdict. Finding no merit to his assertions, we affirm.
FACTS
¶ 2. Lederrick Chaney, Lakel Cross and William Glass were indicted on charges of burglary of Loeb’s Men’s Store in Meridian. Chaney and Cross gave statements to the police confessing their involvement. The incident occurred when Chaney and Cross were picked up by Glass. Glass said he knew a “lick that was already open.” The record shows that Glass was referring to Loeb’s Men’s Store. The three men went to Loeb’s and stole merchandise. Glass and Cross went inside while Chaney was the lookout.
¶ 3. Mr. Loeb testified that he locked the door to the store when he left and that no windows were broken. Both Chaney’s and Cross’s statements agreed that a window had already been broken and they merely walked in through the door. Once inside, they began to steal Mr. Loeb’s merchandise. Chaney’s share of the merchandise was found at his grandmother’s house. Neither Chaney nor Cross testified on Chaney’s behalf, but their statements were entered into evidence along with the testimony of the State’s witnesses. The jury listened to the testimony, reviewed the evidence and found Chaney guilty.
¶ 4. After the prosecution presented its case in chief, Chaney made a motion for a directed verdict which was denied. The defense did not put on any evidence. When the jury returned with a verdict of guilty, Chaney made a motion for a judgment notwithstanding the' verdict or new trial.
STANDARD OF REVIEW
 ¶ 5. To review a challenge to a trial judge’s ruling denying a JNOV, we must first give the prosecution the benefit of all favorable inferences that may be reasonably drawn from the evidence. Jones v. State, 785 So.2d 1099,1100 (¶ 3) (Miss.Ct.App.2001); Savage v. State, 764 So.2d 445, 447 (¶ 6) (Miss.Ct.App.2000). Reversal only occurs if the evidence regarding one or more of the elements of the crime “is such that reasonable and fair-minded jurors could only find the accused not guilty.” Id.
If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the ... judgement n.o.v. is required. On the other hand, if there is substantial evidence opposed to the request or motion — -that is, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair minded men in the exercise of impartial judgment might reach different conclusions — the request or motion should be denied.
White v. State, 732 So.2d 961, 966 (¶ 21) (Miss.1999) (citations omitted).
*115 DISCUSSION
¶6. Chaney challenges the “legal sufficiency of the evidence supporting the verdict.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). He hangs his hat on the assertion that the State did not prove the element of “breaking” beyond a reasonable doubt, arguing that there was no actual breaking involved in the incident in question. Chaney maintains that the glass in the door was broken when he and his associates arrived. In response, the State’s job was to prove beyond a reasonable doubt that Chaney was involved in the burglary of this business according to the elements in our Code. Mississippi Code Annotated section 97-17-33 (Rev.2000) states that “[ejvery person ... convicted of breaking and entering, in the day or night, any ... store ... with the intent to steal therein, or commit any felony ... shall be guilty of burglary.... ”
¶ 7. The elements of entering and the intent to steal therein are not being questioned. Chaney confessed in his statement to the police that they entered and stole merchandise. However, Chaney’s argument is that the actual breaking of the glass was done by another and thus diminishes, in someway, his responsibility for this act. His argument fails due to the circumstantial evidence presented. “Elements of a crime may be proven by both direct and circumstantial evidence.” Perkins v. State, 788 So.2d 826, 830 (¶ 15) (Miss.Ct.App.2001). In addition, the jury is the ultimate finder of fact.
The court is required to keep in mind that, as to issues on which the evidence is in conflict, the jury sits as finders of fact and the court must view the evidence as if the fact-finder resolved all such conflicts consistent with the State’s theory of the case.
Bland v. State, 771 So.2d 961, 966 (¶ 19) (Miss.Ct.App.2000).
¶ 8. The other red flags waving over Chaney’s assertions are the statements he and Cross gave to the police. Both of these young men said that the window was already broken but that entry was made through the front door.
Cross’s Statement
Q: Was the place already open when you got there?
A: Yes, the window was already broke and we walked in through the front door.
Chaney’s Statement
Q: Was the door already open when you got there?
A: It was pshed [sic] up, and they went in through the door.
¶ 9. Precedent holds the answer to this query about a “breaking.” “ ‘[Breaking’ has been defined ... as any act or force, however, slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open or closed.” Genry v. State, 767 So.2d 302, 309 (¶21) (Miss.Ct.App.2000) (quoting Smith v. State, 499 So.2d 750, 752 (Miss.1986)). Even if the door was propped open, as Chaney’s statement suggests, their passage through the door, which broke the plane was the “act or force, however, slight, employed to effect an entrance.” Id.
¶ 10. The State offered the statements of Chaney and Cross as well as the testimony of the store owner regarding his locking of the store and the condition of the store when he left. All of these witnesses were cross-examined by Chaney’s attorney. It appears from a thorough review of the record presented that fair-minded jurors could have reached the same conclusion as to Chaney’s guilt. We have no indication that these same hypothetical jurors would have found him not *116 guilty with this same set of facts. We find no error.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION OF $4,124 IS HEREBY AFFIRMED. THIS SENTENCE IS TO RUN CONSECUTIVELY TO SENTENCE RECEIVED IN LAUD-ERDALE CAUSE NO. 849-97. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
BRIDGES, LEE, CHANDLER AND BRANTLEY, JJ, CONCUR. SOUTHWICK, P.J, DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J, KING, P.J, THOMAS AND IRVING, JJ.