845 So.2d 733 (2003)
Randy Glenn CLAIR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00679-COA.
Court of Appeals of Mississippi.
May 13, 2003.
Edward D. Lancaster, Houston, attorney for appellant.
*734 Office of the Attorney General, by W. Glenn Watts, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY
¶ 1. On March 22, 2002, a jury in the Circuit Court of Chickasaw County found Randy Glenn Clair guilty of one count of manufacture of a controlled substance, methamphetamine, and one count of possession of a controlled substance, methamphetamine. Clair was sentenced to thirty years with fifteen years suspended for the manufacture count and eight years for the possession count, with the sentences to run concurrently and in the custody of the Mississippi Department of Corrections. From this conviction, Clair appeals to this Court asserting the following issues: (1) the lower court erred in denying Clair's motion to suppress evidence; (2) the lower court erred by not allowing the jurors to take the complete indictment into the jury room for their deliberation; and (3) the lower court erred in admitting jury instructions from the prosecution five minutes prior to submitting the instructions to the jury.

FACTS
¶ 2. On April 7, 2001, Randy Clair attempted to evade a nighttime roadblock set up in Chickasaw County. According to the officers at the roadblock, Clair slowed down as he approached the roadblock. Clair then turned off his headlights, turned his car around, and sped off in the other direction. The police then chased Clair back to his house, where Clair proceeded to get out of the car and go into his house. One of the officers saw Clair toss items from his car and, once he went into the house, toss items from there as well. The police also noted the strong smell of ether around the residence and the car. One of the officers noticed cans of ether, glass containers, and hoses, among other items, in the back of Clair's car in plain view. There was also a cooler in the back of the car containing more ether and glass jars filled with liquids. Numerous cans of ether were also lying in the yard. The officers, after seeing these chemicals, suspected that a crystal methamphetamine lab was on the premises.
¶ 3. At that point Clair was handcuffed and told that there was probable cause for a search of his residence and surroundings for methamphetamine. Clair was then instructed that they could wait for a search warrant or Clair could consent to the search. Clair signed a consent form. Although a sheriff testified that he told Clair that they would search his house and the premises, the search consent form is blank as to the specific search area. The house, a shed, and the yard were searched. Among the items found were pseudoephedrine pills, lithium batteries, scales, rock salt, bottles of "Heet," a jar with cold pills soaking in alcohol, a pipe for inhaling methamphetamine, baggies containing small amounts of methamphetamine, a gallon sprayer containing anhydrous ammonia, sulfuric acid, coffee filters with traces of methamphetamine, and denatured alcohol.

DISCUSSION OF ISSUES
I. DID THE LOWER COURT ERR IN DENYING CLAIR'S MOTION TO SUPPRESS EVIDENCE?
¶ 4. In determining whether evidence should be suppressed, a trial court's findings of fact are not disturbed on appeal absent a finding that the "trial judge applied an incorrect legal standard, committed manifest error, or made a decision *735 contrary to the overwhelming weight of the evidence." Taylor v. State, 733 So.2d 251(¶ 18) (Miss.1999).
¶ 5. With his first issue, Clair contends that the lower court should have granted his motion to suppress all evidence found during the search of his residence and surrounding area. Specifically, Clair claims that he did not voluntarily consent to the search of his residence and any evidence obtained should be excluded as the result of an illegal search. Clair also believes that the consent to search form, which he erroneously refers to as a search warrant, was not specific as to what area was to be searched.
¶ 6. The United States Supreme Court has stated that when determining whether consent to a warrantless search was given voluntarily, the totality of the circumstances must be examined. Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The Mississippi Supreme Court later adopted that standard saying that:
As a consequence of adopting the voluntariness for consent searches, the [United States Supreme] Court concluded that "while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." That is, consent may be established without showing that the police warned the consenting party of his Fourth Amendment rights or that he was otherwise aware of those rights.
Jackson v. State, 418 So.2d 827, 830 (Miss. 1982).
¶ 7. From the record, we find that the lower court committed no error in denying Clair's motion to suppress the evidence obtained in the search of his home and premises. There was ample testimony from law enforcement officers to show Clair consented to the search. Although he was handcuffed, Clair verbally consented to the search while in the presence of two officers. Clair was informed that there was enough probable cause for the officers to obtain a search warrant, but that obtaining the search warrant would take a while. One of the officers testified to telling Clair that his house and the premises would be searched. There was no evidence of any threats or coercion by the officers in obtaining Clair's consent to search. The trial judge found that Clair understood that he had the right to refuse the search, that Clair was not under duress to permit the search, and that the consent to search was voluntarily given. We can find no error in the trial judge's findings on this particular issue.
II. DID THE LOWER COURT ERR BY NOT ALLOWING THE JURY TO TAKE THE COMPLETE INDICTMENT INTO THE JURY ROOM FOR DELIBERATION?
¶ 8. With his second issue, Clair contends that a copy of the complete indictment should have been allowed into the jury deliberation. Clair claims that, because the trial judge allowed part of the indictment concerning a possible sentence to be redacted and because there is no supporting law for this omission, his conviction should be reversed. According to the record, the trial judge wanted the statement concerning sentencing to be omitted from the indictment because the penalty should have nothing to do with what the jury is deciding. The trial judge said that "the jury is to decide whether or not he's guilty or innocent ... the matter of punishment is up to the Court within the parameters as set by the legislature, and it's not to even be of any concern of the jury as to what the possible penalty is." The trial judge offered to let the indictment into the jury room, but the *736 appellant only wanted the complete indictment. We fail to see how the lack of a supporting case for this act by the judge would warrant a reversal. We also fail to see any prejudice resulting from the failure of the jury to have a copy of the indictment in the deliberation room. This issue is without merit.
III. DID THE LOWER COURT ERR IN ADMITTING A JURY INSTRUCTION FROM THE PROSECUTION FIVE MINUTES PRIOR TO SUBMITTING THE INSTRUCTIONS TO THE JURY?
¶ 9. With his last issue, Clair claims that Rule 3.07 of the Mississippi Rules of Uniform Circuit and County Court practice was violated because jury instruction S-5 was not given to the defense over twenty four hours in advance. However, Clair offers no authority or separate argument in his brief as to the effect of the violation of Rule 3.07.
¶ 10. The Mississippi Supreme Court has held that absent prejudice to the defendant, the court's failure to require the State to pre-file its jury instructions is harmless error. Carter v. State, 493 So.2d 327, 330-31 (Miss.1986). As Clair does not offer any proof of prejudice resulting from the late instruction, we find no merit to this issue.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF COUNT I, MANUFACTURE OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS WITH FIFTEEN SUSPENDED AND COUNT II, POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF EIGHT YEARS, SAID SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS OF POST-RELEASE SUPERVISION, PAY FINE OF $2,000 AND $100 TO THE VICTIM'S COMPENSATION FUND, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.