929 So.2d 338 (2005)
Rodney HILL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01532-COA.
Court of Appeals of Mississippi.
December 6, 2005.
*339 John Carl Helmert, Jr., Clarksdale, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
EN BANC.
GRIFFIS, J., for the COURT.
¶ 1. Rodney Hill was convicted of burglary of a building other than a dwelling. Hill was sentenced to serve seven years in the custody of the Mississippi Department *340 of Corrections, pay a $1,500 fine and pay $150 restitution, and to complete long term alcohol and drug treatment. Hill moved for a JNOV or a new trial, which was denied. On appeal, he claims the trial court erred by: (1) not granting a directed verdict or JNOV, (2) not granting a peremptory instruction or a new trial, (3) allowing an improper jury instruction, and (4) not striking juror Robert Lee for cause. We reverse the burglary conviction due to insufficient evidence. We remand for re-sentencing on the lesser-included offense of trespass.

FACTS
¶ 2. On June 30, 2003, about 8:30 p.m., Hill arrived at the home of Janet and James Posey. Mrs. Posey recognized Hill as her husband's acquaintance, who would often come to the house to borrow "things" from Mr. Posey. Hill asked Mrs. Posey if he could borrow some gasoline. She told him to come back when her husband was home. She saw him get into his car and crank it. Hill came back about thirty minutes later and asked to borrow a wrench. She told him no, then Hill asked to use the phone. Again, she told him to come back later when her husband was home. She watched as he left in his car.
¶ 3. Later, Mrs. Posey observed an individual exit her shed with her husband's toolbox. The shed was a three-walled structure, approximately twenty-five feet from her house. There was no door or other physical obstruction blocking entrance into the shed. Mrs. Posey called the police and identified Hill as the man who stole the tools from the shed. The toolbox and tools were never recovered.

ANALYSIS

I. Whether there was sufficient evidence to support Hill's conviction
¶ 4. Requests for a directed verdict and motions JNOV challenge the sufficiency of the evidence. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844 (¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we uphold the verdict. Id.
¶ 5. Hill argues there was insufficient evidence to convict him of burglary, because there was no evidence of a breaking. Burglary of a building other than a dwelling includes, "breaking and entering. . . any building . . . in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony . . . ." Miss.Code Ann. § 97-17-33 (Rev.2000). "Breaking" is an act of force, however slight, used to gain entrance. Winston v. State, 479 So.2d 1093, 1095 (Miss.1985). However, "the structure must generally be closed. Otherwise the entry is merely a trespass, not a `breaking' and a burglary." Goldman v. State, 741 So.2d 949, 951 (¶ 8) (Miss.Ct.App.1999).
¶ 6. Here, the shed was a three-walled structure. Therefore, Hill argues there could be no actual breaking into the shed. The State concedes there was no actual breaking. Instead, it argues that there was evidence of constructive breaking. Regardless, the jury was only charged on the definition of an actual breaking. Specifically, the jury instruction stated, "[t]he Court instructs the Jury that breaking [sic] is defined as any act or force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open or closed." The State never argued constructive breaking to the jury.
*341 ¶ 7. In addition, there is simply no evidence of constructive breaking. If a defendant obtains permission to enter a building by using deceit, this will constitute a constructive breaking. Templeton v. State, 725 So.2d 764, 767 (¶ 7) (Miss. 1998). Here, the State would have to prove that Hill gained permission to enter the shed through an act of deceit. The uncontroverted evidence was that no permission was given to enter the Poseys' shed. His entry in the shed, therefore, cannot be the product of any deceit on his part.
¶ 8. Additionally, the State does not even accuse Hill of lying to try to gain access to the shed. Rather it accuses Hill of trying to enter the Posey home by lying about needing gas, a wrench and the phone. The State reasons that Hill must have lied, because he failed to prove he was telling the truth. Besides misapprehending the burden of proof, the State misunderstands the concept of constructive breaking. The undisputed evidence was that Hill did not gain entry of the Posey home. Even if he were trying to enter the Posey home by lying, this cannot be considered as constructive breaking of the shed. Attempted constructive breaking of one building does not support a burglary conviction for a separate building. Oken v. State, 327 Md. 628, 612 A.2d 258, 276 (1992).
¶ 9. Breaking is an essential element to the crime of burglary. Miss.Code Ann. § 97-17-33 (Rev.2000). Considering the evidence in the light most favorable to the verdict, we are unable to identify evidence of a breaking in this case. Therefore, we find that no rational juror could have found Hill guilty of the crime of burglary. It was error for the trial court to deny Hill a directed verdict or motion for a JNOV. Accordingly, we reverse the burglary conviction.
¶ 10. However, when a conviction is reversed due to insufficient evidence, "no new trial is required and the defendant may be remanded for re-sentencing on the lesser included offense where proof establishes the lesser offense." Shields v. State, 722 So.2d 584, 585 (¶ 7) (Miss.1998). This is known as the direct remand rule. Id.
¶ 11. Trespass is the lesser-included offense of burglary. Anderson v. State, 290 So.2d 628, 628-29 (Miss.1974). It is an implicit finding in every burglary conviction. Id. The elements of trespass include wilfully and maliciously entering another's property without permission or remaining on his or her property after being told to leave. E.g., Miss.Code. Ann. §§ 97-17-85, 97-17-87, 97-17-93, and 97-17-97 (Rev.2000).
¶ 12. The evidence was uncontroverted that Hill did not have permission enter the Poseys' shed. He was told approximately three times to leave the premises. Nevertheless, he returned and entered the shed. Pursuant to Anderson and Shields, we affirm Hill's conviction on the crime of trespass under Mississippi Code Annotated Section 97-17-87. We remand for re-sentencing consistent with this opinion.

II. Was the verdict against the overwhelming weight of the evidence?
¶ 13. Next, we examine whether the trial court should have granted Hill's motion for new trial. The only evidence that placed Hill at the scene was Mrs. Posey's testimony. Hill maintains that she was already predisposed to identify him as the culprit, because she had seen him earlier that evening. The State maintains that Mrs. Posey had ample opportunity to note what Hill looked like so she could positively identify him as the perpetrator.
*342 ¶ 14. A motion for a new trial challenges the weight of the evidence. Bush, 895 So.2d at 844 (¶ 18). We review a trial court's denial of a new trial for an abuse of discretion. Montana v. State, 822 So.2d 954, 967 (¶ 61) (Miss.2002). In reviewing whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict. Id. "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Id. at 967-68.
¶ 15. Mrs. Posey testified that Hill came to her door twice. She knew him, because he was an acquaintance of her husband's and had come to the house to borrow things before. At 8:30 p.m., he asked to borrow some gas. She told him to return when her husband was at home. She saw him get in his car and crank it. Around ten to fifteen minutes later he returned standing in front of her door. She testified that she and her young kids were scared and upset at this. Her youngest child was crying, and Hill seemed nervous. The door was glass, and she spoke to him through it. He asked to borrow a wrench. She told him no. Then he asked to use the phone. Again she told him to come back when Mr. Posey was at home. She watched as he left again in his car. She sat back down to watch a movie. At about 9:00 p.m., through her mini blinds, she saw something run through the yard, into the shed. There was a light near the shed. She went to her window and saw Hill exit the shed with the toolbox and run back to his car. The distance from the window to where he was running was about twenty-five feet.
¶ 16. The jury heard evidence that Mrs. Posey's account at trial differed from the account she gave police. She told police that she did let Hill borrow gas that night. At trial, she denied ever letting him borrow any gas. Mrs. Posey explained the discrepancy from the fact that she was scared and upset when she gave her statement to the police.
¶ 17. The weight of the evidence supports the jury finding that Hill was the one who trespassed into her shed. Accepting the evidence that supports the verdict at true, we find there was evidence that Mrs. Posey saw Hill exit her shed with her husband's tools and leave in his car. Mrs. Posey knew Hill prior to the night in question and had seen him twice before the theft. Also, she had an opportunity to observe his car several times that night. Therefore, the jury could give great weight to her testimony when she said it was Hill that stole the tools. This issue is without merit.

III. Was the jury properly instructed?

A. Untimely filed jury instruction
¶ 18. Hill challenges the jury instruction which charged the jury on the elements of burglary. First he objects on the ground that the instruction was not filed before trial. Jury instructions must be filed twenty-four hours before trial. URCCC 3.07. Defendant must show prejudice resulting from an untimely filed jury instruction. Clair v. State, 845 So.2d 733, 736 (¶ 10) (Miss.Ct.App.2003). Hill does not point out how he would have defended his case differently had he had this jury instruction any earlier. We hold that the error was harmless.

B. Variance from the indictment
¶ 19. Hill also argues that the jury instruction varied from the indictment. While the indictment alleged the tools were worth at least $250, the jury instructions did not contain value as an *343 element. The State argues that Hill waived this objection, because he failed to raise it before the trial court.
¶ 20. The Mississippi Rules of Civil Procedure set out the rules for objecting to jury instructions:
No party may assign as error the granting. . . of a jury instruction unless he objects thereto at any time before the instructions are presented to the jury . . . . All objections shall be stated into the record and shall state distinctly the matter to which objection is made and the grounds therefor.
M.R.C.P. 51(b)(3). More specifically, failure to object on the ground that the instructions omit an element listed in the indictment bars the issue from appellate review. Steen v. State, 873 So.2d 155, 161 (¶ 25) (Miss.Ct.App.2004). Hill did not preserve this issue for appeal. We hold this issue is waived.

IV. Should the trial court have stricken venireman Robert Lee for cause?
¶ 21. Hill finally argues that he is entitled to a new trial, because the trial court abused its discretion in denying his for cause challenge against a prospective juror. Prospective juror Robert Lee revealed he was a victim of several theft crimes, and Hill challenged Lee's ability to be impartial. The State countered that Lee stated he could be impartial in this case. Regardless, Lee did not ultimately serve on the jury.
¶ 22. Allowing for cause challenges in jury selection is left to the discretion of the trial court. Keys v. State, 909 So.2d 757, 760 (¶ 4) (Miss.Ct.App.2005). No reversible error can occur when the venire member in question is ultimately excused by a peremptory challenge. Sewell v. State, 721 So.2d 129, 135 (¶ 28) (Miss.1998). The record reveals that Lee did not serve as a juror or alternate juror. Therefore, there is no reversible error in the trial judge's denial of the for cause challenge. This issue is without merit.

CONCLUSION
¶ 23. We reverse the burglary conviction and remand the case for re-sentencing on the lesser-included offense of trespass.
¶ 24. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT ON THE CONVICTION OF BURGLARY OF A BUILDING OTHER THAN A DWELLING IS REVERSED AND REMANDED FOR RE-SENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.