LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. In 2009, Michael D. Brown, Michael D. Barksdale, and Jermaine Alston were indicted on two counts of burglary of a building other than a dwelling. Prior to trial, Brown and Barksdale filed a motion for severance in order to proceed to trial without Alston. This motion was denied. Alston did not appear for trial. A jury in the Attala County Circuit Court found Brown and Barksdale guilty of both counts. On Count I, Brown was sentenced to serve seven years in the custody of the Mississippi Department of Corrections (MDOC). On Count II, Brown was sentenced to seven years, with one day to serve and the remainder to be under post-release supervision. The sentence in Count II was ordered to run consecutively to the sentence imposed in Count I. Brown was also ordered to pay $3,562.50 in restitution, court costs, fees, and assessments.
 

 ¶ 2. On Count I, Barksdale was also sentenced to serve seven years in the custody of the MDOC. On Count II, Barks-dale was also sentenced to seven years, with one day to serve and the remainder to be under post-release supervision. The sentence in Count II was ordered to run consecutively to the sentence imposed in Count I. Barksdale was ordered to pay $3,562.50 in restitution, court costs, fees, and assessments.
 

 ¶ 3. Both Brown and Barksdale filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied both of these motions. Brown and Barksdale filed separate appeals but asserted the same issues as follows: (1) the evidence was legally insufficient, and (2) the verdict is against the overwhelming weight of the evidence.
 

 FACTS
 

 ¶ 4. Doyle Dean Rone owned a home in rural Attala County. The house had been vacant since 1993, but it still contained personal belongings. As a result of previous break-ins, Rone had installed a motion-sensor camera overlooking the back porch. On April 14, 2009, the camera recorded three men entering his home through the back porch and carrying away several items. The camera recorded the same three men the next day entering the house again and carrying away more personal property. Some of these items included an air-conditioner unit, a metal detector, a saddle, a knife, a food processor, and copper wiring that had been stripped from appliances. Rone, who did not recognize any of the men, took the photographs to the police.
 

 ¶ 5. Brown, Barksdale, and Alston were eventually identified and arrested. Brown testified at trial that Alston had informed him that they had permission from Rone to haul away items from his property. Brown admitted that he had hidden the items taken from the property, but he only did so because he had learned that he did not have permission to be on Rone’s property. Randy Blakely, an investigator with
 
 *616
 
 the Attala County Sheriffs Department, interviewed both Brown and Barksdale. Blakely testified that, during questioning, neither Brown nor Barksdale informed him of their belief that they had permission to take the items from the property. Blakely testified that Brown said that he and Barksdale did not break into Rone’s house because the doors were already open.
 

 DISCUSSION
 

 I. INSUFFICIENT EVIDENCE
 

 ¶ 6. In their first issue on appeal, Brown and Barksdale argue that the evidence was legally insufficient. Specifically, they argue that the State did not prove that they had intended to steal Rone’s property. Our standard of review in regard to challenges to the sufficiency of the evidence is well settled. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction.
 
 Id.
 
 If we find that reasonable, fair-minded jurors could have concluded that the defendant was guilty of the accused crime, the evidence will be deemed sufficient.
 
 Id.
 

 ¶ 7. Brown and Barksdale were indicted under Mississippi Code Annotated section 97-17-33(1) (Rev.2006), which states that it is a crime to break into and enter a building other than a dwelling “with intent to steal therein or commit any felony.” Our supreme court has held that intent to do an act or commit a crime is “a question of fact to be gleaned by the jury from the facts shown in each case.”
 
 Shanklin v. State,
 
 290 So.2d 625, 627 (Miss.1974). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves any conflicts in the evidence.
 
 Riley v. State,
 
 11 So.3d 751, 754-55 (¶ 16) (Miss.Ct.App.2008).
 

 ¶ 8. The State showed that Brown and Barksdale were on Rone’s property without his permission. Neither Brown nor Barksdale told Blakely during their interviews that they had permission to be on Rone’s property. Brown admitted that he had hidden some of the items he had taken from Rone’s property. Furthermore, Blakely testified that one of the photographs showed what appeared to be Brown opening the door to the back porch with his right sleeve enclosing his hand. Blakely opined that Brown was trying not to leave fingerprints.
 

 ¶ 9. Barksdale told Blakely that they did not break into the house because the door to the house was open. It is unclear if Barksdale meant the door was unlocked or standing open. Regardless, opening an unlocked door and walking through an opened door have been found to be breaking under the burglary statutes.
 
 See Moore v. State,
 
 933 So.2d 910, 922 (¶41) (Miss.2006);
 
 Chaney v. State,
 
 802 So.2d 113, 115 (¶ 9) (Miss.Ct.App.2001).
 

 ¶ 10. The jury clearly found Brown’s and Barksdale’s versions of events to be less than credible and resolved any conflicts in the evidence in the State’s favor. Viewing the evidence in the light most favorable to the State, we find that reasonable, fair-minded jurors could have found Brown and Barksdale guilty of burglary. This issue is without merit.
 

 II. OVERWHELMING WEIGHT OF THE EVIDENCE
 

 ¶ 11. In their other issue on appeal, Brown and Barksdale argue that
 
 *617
 
 their guilty verdicts were against the overwhelming weight of the evidence. This Court will “only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush,
 
 895 So.2d at 844 (¶ 18).
 

 ¶ 12. The evidence presented by the State proved that Brown and Barksdale were guilty of burglary. We cannot find that allowing the guilty verdicts to stand would sanction an unconscionable injustice. This issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF MICHAEL D. BROWN OF COUNT I, BURGLARY OF A BUILDING OTHER THAN A DWELLING, AND SENTENCE OF SEVEN YEARS AND COUNT II, BURGLARY OF A BUILDING OTHER THAN A DWELLING, AND SENTENCE OF SEVEN YEARS WITH ONE DAY TO SERVE AND THE REMAINDER UNDER POST-RELEASE SUPERVISION, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY $3,562.50 IN RESTITUTION, IS AFFIRMED.
 

 ¶ 14. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF MICHAEL D. BARKSDALE OF COUNT I, BURGLARY OF A BUILDING OTHER THAN A DWELLING, AND SENTENCE OF SEVEN YEARS AND COUNT II, BURGLARY OF A BUILDING OTHER THAN A DWELLING, AND SENTENCE OF SEVEN YEARS WITH ONE DAY TO SERVE AND THE REMAINDER UNDER POST-RELEASE SUPERVISION, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY $3,562.50 IN RESTITUTION, IS AFFIRMED.
 

 ¶ 15. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.