# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-KA-01356-SCT

*RODRIQUE DESHAUN WATSON a/k/a*
*RODRIQUE D. WATSON a/k/a RODRIQUE*
*WATSON a/k/a RODRIQUE E. WATSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2011 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 10/17/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Rodrique Watson appeals his conviction for burglary of a dwelling. Because the trial judge incorrectly instructed the jury that breaking the plane of a door satisfies the force element of burglary of a dwelling, we reverse his conviction and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶2.     When Sue Hegwood returned home from shopping, she parked her car in an open garage, which was attached to her home. According to her testimony at trial, the following events took place as she began unloading her purchases from the back seat:

> I looked up, and there was a young man walking up the driveway. As you can see, it's short. I was close to him. I thought at first he was someone who works for the lady next door, but then I saw his vehicle, and I had never seen that vehicle before, and I didn't think I'd ever seen him before. I just walked toward him, and I don't know exactly what I said. I said something like, Could I help you? I thought maybe he was lost. I wasn't afraid of him. But he didn't answer me. And then he had a bandanna-like thing. When he didn't answer me, he pulled it up over his mouth, and I knew that I had a problem. I started to back up, and he just kept backing me up looking me right in the eye. And I'm 69 years old. I was afraid to run. I knew I couldn't do that. I didn't know what his intentions were. I thought he probably wanted to get into my house. I didn't know what he wanted. I told him to go away. I asked him several times what he wanted. Told him to leave me alone. He just kept backing me up into the garage, and then he -- I was all the way into my garage. He ran around, and I knew when he ran what was up because I knew he knew where my purse was. He went directly to the passenger side of my car where my purse was and opened the door and got it and ran. I ran. At that point I screamed. Nobody heard me. My husband was inside the house, but he was in the back of the house, and he couldn't hear me.

¶3.     The case proceeded to trial and Watson was convicted of burglary of a dwelling and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.

## DISCUSSION

¶4.     Watson was convicted for burglary of a dwelling under Mississippi Code Section 97-17-23(1), which provides:

> Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein,

2

shall be punished . . . for not less than three (3) years nor more than twenty-five (25) years.[1]

¶5.     This statute required the State to prove two elements: (1) unlawful breaking and entering the dwelling house and (2) the intent to commit a crime therein.[2]   At the jury-instruction conference, the State submitted the following proposed instruction numbered S-2:

> The Court instructs the Jury that "breaking" as used in the indictment and in the Court's instructions, means any act of force, regardless of how slight, which is necessary to be used in entering a building, whether the building be locked or unlocked.
>
> The Court further instructs the Jury that the "force" used to enter the building may be accomplished through the passage of a door, **which breaks the plane**.[3]

¶6.     The trial court then had the following discussion concerning S-2 with Watson's counsel, Mr. Pittman, and the prosecutor, Mr. Vaughn:

MR. PITTMAN:       Your Honor, I'd agree to the first paragraph and object to the second.

THE COURT:         On what basis?

MR. PITTMAN:       Well, I don't believe that's the proper statement of the law, and I think there has to be some opening.  Not just merely breaking a plane that's non-existent.

THE COURT:         Response?

MR. VAUGHN:        Yes, Judge, I have a case, and I can present it to the Court, **Chaney v. State**, December 8, 2001.  Paragraph 9. The language in Paragraph 2 [of S-2] comes almost directly from Paragraph 9 [from the case].

---

[1]Miss. Code. Ann. § 97-17-23 (Rev. 2006).

[2]**Jackson v. State**, 90 So. 3d 597, 604 (Miss. 2012) (citations omitted).

[3](Emphasis added.)

3

THE COURT:     I believe that is a correct statement of the law.  It will be given.

¶7.     In *Chaney v. State*, the Court of Appeals – in a five to five decision – stated that "even if the door is propped open . . . passage through the door, which broke the plane" was sufficient to satisfy the breaking element of burglary of a dwelling house.[4]  In *Ladd v. State*, however, the Court of Appeals held that the mere act of walking through a raised, open garage door does not qualify as a "breaking" since there was no "act or force . . . employed to effect an entrance."[5]

¶8.     The *Ladd* court overruled its previous holding in *Chaney*, stating that the case was "wrongly decided."[6]  We agree with the Court of Appeals in *Ladd*, that merely walking through an open door does not satisfy the "breaking" requirement for burglary of a dwelling.[7]

**CONCLUSION**

¶9.     Because the jury was improperly instructed on the requirements for satisfying the "breaking" element of burglary of a dwelling, we reverse and remand for a new trial.

¶10.  **REVERSED AND REMANDED.**

**WALLER, C.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. LAMAR, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, P.J., KITCHENS AND**

---

[4]*Chaney v. State*, 802 So. 2d 113, 115 (Miss. Ct. App. 2001), *overruled by* *Ladd v. State*, 87 So. 3d 1108 (Miss. Ct. App. 2012).

[5] *Ladd*, 87 So. 3d at 1115;  *see also* *Hill v. State*, 929 So. 2d 338, 340 (Miss. Ct. App. 2005) (accused who walks through open door guilty of a trespass, not a burglary).

[6]*Ladd*, 87 So. 3d at 1115.

[7] Our ruling today does not overrule our previous opinions regarding constructive breaking. *See e.g.* *Christmas v. State*, 10 So. 3d 413 (Miss. 2009); *Haynes v. State*, 744 So. 2d 751 (Miss. 1999); *Templeton v. State*, 725 So. 2d 764 (Miss. 1998).

4

**COLEMAN, JJ. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J.**

**LAMAR, JUSTICE, SPECIALLY CONCURRING:**

¶11.    I concur in today's decision but write separately to explain my vote. I agree with the dissent that the evidence in this case could support a conviction for burglary under a theory of constructive breaking. But that is a decision to be made by a properly instructed jury. Here, the court gave an erroneous instruction on "actual breaking," and did not simply omit an instruction on "constructive breaking," as in *Christmas v. State*, 10 So. 3d 413 (Miss. 2009). Because jury instruction S-2 misstated the law, I agree with the majority's decision to reverse and remand this case for a new trial.

**WALLER, C.J., DICKINSON, P.J., KITCHENS AND COLEMAN, JJ., JOIN THIS OPINION.**

**PIERCE, JUSTICE, DISSENTING:**

¶12.    I find no reversible error in the language contained in jury instruction S-2 and would affirm Rodrique Watson's burglary conviction. Therefore, I respectfully dissent.

¶13.    For purposes of the breaking requirement of this state's burglary statute and the definition this Court has given it, the breaking occurred in this instance when Sue Hegwood opened her garage door and Rodrique Watson–lying in wait in his vehicle behind her–thereupon threateningly walked up to and through its threshold. I see this case in the same vein as *Christmas v. State*, 10 So. 3d 413 (Miss. 2009), where the defendant, Chancellor Christmas, gained entry into the home of an elderly woman, first, by trick and then by threat of violence. In affirming Christmas's conviction for burglary of a dwelling,

5

we rejected the claim that Christmas was entitled to a jury instruction defining constructive breaking. *Id*. at 421-22. We held:

> By holding a gun to Ms. [Margie] Sellers's head and forcing her into the home, Christmas met Mississippi's established standard for constructive breaking, which this Court has held satisfies the "breaking" element of burglary. *See Templeton v. State*, 725 So. 2d 764, 766 (Miss. 1998). While the jury was not issued an instruction on the specific definition of "constructive breaking," it was issued an instruction on the constituent elements of burglary. This Court has held that "instructions in a criminal case which follow the language of a pertinent statute are sufficient." *Rubenstein v. State*, 941 So. 2d 735, 772 (Miss. 2006) (citations omitted). We find that the jury received adequate instructions regarding this offense.

*Id*. at 422.

¶14. The only substantive distinction that can be made between that case and the one now before us are the methods the intruders used to gain entry into the otherwise closed-off homes. Both men procured their openings by deception, Christmas overtly and Watson covertly.

¶15. The only problem I find with jury instruction S-2 is the lack of language qualifying the term "force." Given the evidence of the case, however, I find the error harmless, beyond a reasonable doubt.

**RANDOLPH, P.J., JOINS THIS OPINION.**

6