ROBERTS, J.,
concurring in part and dissenting in part:
¶ 34. I concur with the majority’s decision to affirm Ladd’s convictions for grand larceny and conspiracy to commit grand larceny. However, I disagree with the majority’s decision to reverse the circuit court’s judgment regarding Ladd’s convictions for burglary of a dwelling and receiving stolen property. I would affirm all four of Ladd’s convictions.
Count II: Burglary of a Dwelling
¶ 35. The majority reverses one of our learned circuit judges on an issue never presented to him. We have often repeated in cases too numerous to list the time-honored principle that we will not find that a trial judge erred on a matter that was never presented to him or her for a decision. See, e.g., Haley v. State, 864 So.2d 1022, 1024 (¶ 8) (Miss.Ct.App.2004) (citing Logan v. State, 773 So.2d 338, 346 (¶ 29) (Miss.2000)). Yet the majority disregards this principle by exercising its discretion in *1119 applying the plain-error doctrine found in Rule 28(a)(3) of the Mississippi Rules of Appellate Procedure, which provides that “[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.” My review of established jurisprudence on the plain-error doctrine clearly indicates its discretionary use in this case to be quite inappropriate.
¶ 36. There is no dispute that the circuit court never had an opportunity to decide Ladd’s claim, raised for the first time on appeal, that there is insufficient evidence that he committed a “breaking” when he and Terry Stuart went inside Sandra Brown’s garage and stole her lawn equipment. However, the majority finds that the circuit court committed plain error when it allowed Ladd to be convicted for burglary of a dwelling. I do not join the majority’s decision because this Court should not ignore precedent established by the United States Supreme Court.
¶ 37. In the context of plain error, ‘“[p]lain’ is synonymous with ‘clear’ or, equivalently, ‘obvious.’ ” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations omitted). “[BJefore an appellate court can correct an error not raised at trial, there must be (1) ‘error,’ (2) that is ‘plain,’ and (3) that ‘affects substantial rights.’ ” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing Olano, 507 U.S. at 732, 113 S.Ct. 1770). It is debatable whether there was “error” in this case. But there was no “plain” error that would have required that the circuit court essentially raise the argument that Ladd did not raise himself.
¶ 38. In Johnson, the Supreme Court explained that Olano did not decide when an error must be plain to be reviewable. Id. at 467, 117 S.Ct. 1544. The Johnson Court clarified that “where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] ... it is enough that an error be ‘plain’ at the time of appellate consideration.” Id. at 468, 117 S.Ct. 1544. Thus, the analysis boils down to two primary issues: (1) whether the law was “settled” at the time of Ladd’s trial; and (2) whether the law at the time of this appeal is “clearly contrary” to what had been “settled” at the time of Ladd’s trial.
1. Whether the Law was Settled at the Time of Ladd’s Trial
¶ 39. The law regarding what qualifies as a “breaking” was not “settled” at the time of Ladd’s trial. The majority is correct that in Chaney v. State, 802 So.2d 113, 115 (¶ 9) (Miss.Ct.App.2001), this Court held that passage through an opened door was sufficient proof of a “breaking.” In Chaney, this Court was evenly split on the “breaking” element of burglary. Chaney had been handed down well before Ladd’s trial. However, this Court handed down Brown v. State, 48 So.3d 614 (Miss.Ct.App. 2010) in October 2010 — which was approximately five months after Ladd went to trial. Brown cannot be considered “settled” law five months before it existed.
¶ 40. What is more, in Hill v. State, 929 So.2d 338, 340 (¶ 5) (Miss.Ct.App.2005), we held that “the structure must generally be closed. Otherwise the entry is merely a trespass, not a ‘breaking’ and a burglary.” Because the evidence had merely demonstrated that the defendant in Hill had stolen tools from a three-walled shed, and there was no evidence of an actual breaking, we found insufficient evidence to support his burglary conviction. Id. at 341 (¶ 9). To summarize, at the time of Ladd’s trial, this Court, evenly divided, held in Chaney that there is sufficient evidence of a “breaking” simply by entering an open *1120 door. But we also held in Hill that there is insufficient evidence of a “breaking” when one simply enters a three-walled structure. An open garage is no different than a three-walled structure. Ladd could have argued that there was insufficient evidence that he committed a “breaking” based on Hill, but he never raised the substance of that argument at trial. More significant to the present analysis, the law cannot be considered “settled” when precedent is inconsistent. Thus, the second prong of the plain-error analysis is not satisfied. It follows that there can be no “plain” error.
2. Whether the Current Law is “Clearly Contrary”
¶ 41. As previously mentioned, the Supreme Court has held that “where the law at the time of trial was settled and clearly contrary to the law at the time of appeal-it is enough that an error be ‘plain’ at the time of appellate consideration.” Johnson, 520 U.S. at 468, 117 S.Ct. 1544. Even assuming that inconsistent precedent could be stretched to qualify as “settled” at the time of Ladd’s trial, a plain-error analysis still fails because the law regarding what constitutes sufficient proof of a breaking is not “clearly contrary” to the law at the time of Ladd’s trial. There have been no intervening decisions on the question of what constitutes a “breaking.” The Mississippi Supreme Court has not addressed this issue. This Court is not the ultimate authority on Mississippi law. We may advance this issue or clarify our prior decisions, but reversing our prior decisions does not mean the law at the time of appeal is “clearly contrary” to the law at the time of Ladd’s trial. This is patently true when the majority overrules Chaney and Brown in this very case. Consequently, the second prong of the plain-error analysis fails. It follows that a plain-error analysis is inappropriate under these circumstances.
¶ 42. Essentially, the majority finds the circuit court should have raised an argument for Ladd despite the conflict in precedent because this Court would later reverse its prior decisions. “When the state of the law is unclear at trial and only becomes clear as a result of later authority, the [trial] court’s error is perforce not plain; we expect [trial] judges to be knowledgeable, not clairvoyant.” United States v. Turman, 122 F.3d 1167, 1170 (9th Cir. 1997) (emphasis added). The law was unclear during Ladd’s trial. It was unclear when he appealed. To an extent, it remains unclear. Because the Supreme Court prohibits a plain-error analysis under these circumstances, I dissent from the majority’s decision to conduct such an analysis.
¶ 43. Additionally, the third prong of the plain-error analysis also fails. That third prong requires that the plain error must “affect substantial rights.” Johnson, 520 U.S. at 467, 117 S.Ct. 1544. I do not find that Ladd’s substantial rights were affected. We must consider the evidence in the light most favorable to the prosecution, which “receives the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Hughes v. State, 983 So.2d 270, 276 (¶ 11) (Miss.2008). It is reasonable to infer that there was some evidence of a possible “breaking.” The photographs introduced at trial depict one image of Brown’s garage door partially down and one image of Brown’s garage door completely open. It is reasonable to infer that the officer who took the photographs asked Brown to demonstrate the position of her garage door before and after Ladd and Stuart stole her push lawnmower. It is possible that Ladd and Stuart carried Brown’s push lawnmower out of her garage. Under those circum *1121 stances, it is equally possible that Ladd and Stuart would have had difficulty getting the handle of the push lawnmower out of Brown’s semi-closed garage door. It is also possible that Ladd or Stuart pushed the garage door open further-instead of simply lowering the end of the push lawnmower that is attached to the handle. Thus, the jury could have found that Ladd and Stuart committed a “breaking” necessary to demonstrate burglary. Either Ladd’s attorney or the prosecutor could have questioned the victim, Brown, specifically about the condition of the garage door before and after Ladd and Stuart stole her lawn equipment. For whatever reason, neither did.
¶ 44. I find no plain error in this case. The law was not settled at the time of Ladd’s trial. The law did not change before Ladd’s appeal. The circuit court should not be held to a standard that requires clairvoyance. Moreover, even if the three prongs of the plain-error analysis had been satisfied, “an appellate court must then determine whether the forfeited error seriously affects the fairness, integrity, or public reputation of judicial proceedings before it may exercise its discretion to correct the error.” Johnson, 520 U.S. at 469-70, 117 S.Ct. 1544 (internal quotations omitted). As in Johnson, I find that there is no basis to conclude that affirming Ladd’s burglary conviction affects the fairness, integrity, or public reputation of judicial proceedings. “Indeed, it would be the reversal of a conviction such as this which would have that effect.” Id. at 470, 117 S.Ct. 1544. Accordingly, I dissent from the majority’s decision to reverse the circuit court’s judgment of conviction for burglary.
Count IV: Receiving Stolen Property
¶ 45. The majority finds that Ladd preserved this issue when he argued that the prosecution had not “shown a prima facie case sufficient ... to get ... to the jury.” Additionally, the majority finds that Ladd preserved this issue because the circuit court addressed Ladd’s argument when the circuit court stated the prosecution “clearly [presented] a prima facie case.” With utmost respect, I disagree with the concept that a trial court’s rejection of a vague and generic argument somehow converts that argument into one that may escape the clearly established procedural bar.
¶46. The Mississippi Supreme Court has held that a motion for directed verdict and a judgment notwithstanding the verdict must be specific. See Banks v. State, 394 So.2d 875, 877 (Miss.1981). If a motion for directed verdict or JNOV are not specific, the trial court “will not be determined to be in error for denying the motion.” Gary v. State, 11 So.3d 769, 771 (¶ 8) (Miss.Ct.App.2009) (emphasis added). A “general objection that the verdict is not based on sufficient evidence” procedurally bars a challenge to the sufficiency of the evidence on appeal. Woods v. State, 19 So.3d 817, 820 n. 2 (Miss.Ct.App.2009) (internal quotations omitted).
¶ 47. In Bingham v. State, 723 So.2d 1193, 1195 (¶ 6) (Miss.Ct.App.1998), a criminal defendant had moved for a directed verdict at the close of the prosecution’s case-in-chief. We declined to consider the sufficiency of the evidence on appeal because the defendant’s motion “was not specific in nature as to which of the elements of the crime the [prosecution had] allegedly failed to prove.” Id. We noted that a defendant “must state specifically wherein the [prosecution has] failed to make out a prima facie case.” Id. (citation omitted). “In the absence of such specificity, the trial court will not be put in error for overruling the same." Id. (emphasis added).
*1122 ¶ 48. Ladd argued that the prosecution had not “shown a prima facie case sufficient ... to get ... to the jury.” Ladd did not specifically refer to the charge that he was in possession of stolen property. He did not indicate which element the prosecution had failed to prove beyond a reasonable doubt. His argument was no different that the procedurally barred arguments raised in Bingham or Woods. The majority cites no authority that a circuit court’s response to a defendant’s vague argument somehow transforms that argument into one that is preserved for appeal. I find that Ladd did not sufficiently preserve this issue. Accordingly, I dissent from the majority’s decision to ignore clear precedent and review Ladd’s vague, generic, and conclusory argument.
¶ 49. The procedural bar notwithstanding, I find there is sufficient evidence for the jury to conclude that Ladd is guilty of receiving stolen property. “[T]he statutory requirements for the crime of receiving stolen property are (1) the possession, receipt, retention or disposition of personal property (2) stolen from someone else (3) with knowledge or a reasonable belief that the property is stolen.” Washington v. State, 726 So.2d 209, 212-13 (¶ 10) (Miss. Ct.App.1998). Guilty knowledge — which is the “gist” of proving possession of stolen property — may be proved by “any surrounding facts or circumstances from which knowledge may be inferred.” Id. at 213. “ ‘Receive’ within the statute contemplates that the accused has performed some act with respect to the property, that he has exercised dominion or control over it, though such need not have been exclusive.” Williams v. State, 595 So.2d 1299, 1303 (Miss.1992). It is obvious that both Stuart and Ladd were using a stolen pickup truck to transport their stolen lawn equipment from the crime scene.
¶ 50. Hardy testified that his $24,000 pickup truck was stolen on December 27, 2007, while he was inside the Corner Grocery Store in the Askew community of Panola County. The Askew community is approximately sixty miles from downtown Memphis. The stolen pickup truck had a Mississippi license plate. Stuart was a prime suspect in the theft. It is reasonable to conclude that Ladd and Stuart were friends or at least close acquaintances. Ladd chose not to testify or call any witnesses in his defense. Brown testified that three days after the theft of Hardy’s truck, Ladd and Stuart were in the stolen pickup truck when they stole lawn equipment from her garage. Ladd and Stuart fled when Brown confronted them. When Brown successfully encountered Ladd and Stuart in Memphis later that same day, Ladd and Stuart were still in the stolen pickup truck. Again, Ladd and Stuart fled from Brown. Later that day, Brown was accompanied by officers with the Memphis Police Department when they saw Ladd and Stuart. Yet again, Ladd and Stuart were in the stolen truck. Ladd and Stuart successfully fled from the officers, who were in hot pursuit, by driving across an open field. At that time, Ladd had no reason to suspect that he and Stuart were being pursued for burglarizing Brown’s garage in Mississippi. Ladd and Stuart were seen together in the stolen pickup truck three different times on December 30, 2007. Ladd and Stuart were also together in the stolen pickup truck three weeks later during a burglary in progress that led into Memphis. When the stolen pickup truck was recovered by officers with the Memphis Police Department, the pickup truck had approximately $11,000 in damage.
¶ 51. A “defendant’s ... actions subsequent to receipt [of property] may have a bearing on whether he knew or should have known the property to be stolen.” *1123 Whatley v. State, 490 So.2d 1220, 1222 (Miss.1986) (citation and internal quotations omitted). In my opinion, assuming all inferences favorable to the prosecution’s case to be true, twelve sworn jurors could have concluded that Ladd reasonably believed that the pickup truck he and Stuart used to effectuate their crime spree had been stolen. Accordingly, I dissent from the majority’s decision to reverse Ladd’s conviction for receipt of stolen property and render judgment of acquittal.
GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.